THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASON GREGORIO, individually, and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br>  v.<br><br>GREEN DIAMOND RESOURCE COMPANY,<br><br>                  Defendant. | CASE NOS. C24-0596-JCC &<br>                 C24-0620-JCC<br><br>ORDER |
| THOMAS VALENTINE, individually, and on behalf of all others similarly situated<br><br>                  Plaintiff,<br>  v.<br><br>GREEN DIAMOND RESOURCE COMPANY,<br><br>                  Defendant. | |

       This matter comes before the Court on Plaintiff Jason Gregorio's unopposed motion to consolidate the above-captioned cases (Dkt. No. 6). Plaintiff contends that consolidation is appropriate as his and the next-filed action involve common questions of law and fact. For the reasons described below, the motion is GRANTED in part and DENIED in part.

If multiple actions before the Court involve a common question of law or fact, the Court may consolidate the actions. Fed. R. Civ. P. 42(a)(2). The Court has substantial discretion in determining whether to do so. *Inv'rs Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). The Court considers factors such as the interests of justice, expeditious results, conservation of resources, avoiding inconsistent results, and the potential of prejudice. *See* 8 MOORE'S FEDERAL PRACTICE – CIVIL § 42.10 at [4][a]–[5][d] (3d. ed. 1997).

Here, both putative class actions were brought by similarly situated plaintiffs who are represented by some of the same counsel. Both assert claims associated with Defendant's 2023 data breach and 2024 reporting of that breach. And the causes of action are similar, although not completely overlapping. Nevertheless, they implicate sufficient common questions of law and fact to support consolidation, and they otherwise meet the relevant factors.

And because plaintiffs in both cases jointly move for the appointment of interim co-lead counsel, and proposed counsel appear to possess the qualifications and experience necessary, and otherwise meet relevant criteria, *see* Fed. R. Civ. P. 23(g)(3), the Court so appoints William B. Federman of Federman & Sherwood and Tyler J. Bean of Siri & Glimstead LLP as interim co-lead counsel.

However, the Court *declines* Plaintiff's request to consolidate any future cases arising out of the same subject matter with this case. The parties may so request consolidation should a future case arise, but the Court is disinclined to do so prospectively.

Accordingly, the motion to consolidate (Dkt. No. 6) is GRANTED in part and DENIED in part. The Court ORDERS that the following cases be consolidated: C24-0596-JCC and C24-0620-JCC. All future filings shall bear the caption of the case first filed, *Jason Gregorio v. Green Diamond Resource Company*, C24-0596-JCC. The Clerk is DIRECTED to close the remaining case, C24-0620-JCC, and VACATE any case management deadlines set in that case. Plaintiffs in the now-consolidated case C24-0596-JCC shall file a consolidated complaint within 30 days of this order. Defendant's response to that complaint is due 30 days following the filing

1  of the complaint.[1]

3  DATED this 30th day of May 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] The Court's prior order (Dkt. No. 15) extending the response date in this matter is superseded by this order.

ORDER
C24-0596-JCC / C24-0620-JCC
PAGE - 3