1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

JASON GREGORIO, THOMAS
VALENTINE, LEO MCGOWAN,
VINCELLE CALICA, RAYMOND CALICA,
AND TAMARA COWLES, individually and
on behalf of all others similarly situated,

CASE NO. 2:24-cv-00596-LK

**STIPULATED PROTECTIVE ORDER**

12

Plaintiffs,

13

v.

14

15

GREEN DIAMOND RESOURCE
COMPANY,

16

Defendant.

17

18

1.      PURPOSES AND LIMITATIONS

19

20

21

22

23

24

25

26

        Discovery in this action is likely to involve production of confidential, proprietary, or

private information for which special protection may be warranted. Accordingly, Plaintiffs and

Defendant (collectively the "Parties" and singularly each a "Party") hereby stipulate to and petition

the court to enter the following Stipulated Protective Order (the "Order"). The Parties acknowledge

that this Order is consistent with LCR 26(c). It does not confer blanket protection on all disclosures

or responses to discovery, the protection it affords from public disclosure and use extends only to

the limited information or items that are entitled to confidential treatment under the applicable

legal principles, and it does not presumptively entitle Parties to file confidential information under

1    seal. The term "documents" as used herein shall have the same meaning and scope as set forth in

2    Fed. R. Civ. P. 34(a). After entry of this Protective Order, any documents, testimony, or

3    information to be designated as Confidential or Restricted Confidential must be clearly so

4    designated before the document, testimony, or information is disclosed or produced, as provided

5    herein.

6    2.    "CONFIDENTIAL" MATERIAL

7         2.1 Any Party may designate a document as "Confidential" upon making a good-faith

8    determination that the documents contain, reflect, or disclose: (1) material non-public information

9    that is treated by the designating Party as confidential and/or commercially sensitive and of

10   proprietary nature; (2) information that the designating Party believes should be maintained in

11   confidence to protect its business or commercial interests that is not publicly available; (3) any

12   information the release of which the designating Party believes may increase risk to the

13   confidentiality, integrity, or availability of the information technology infrastructure or assets of

14   any entity, including without limitation, cybersecurity policies, security risk assessments, and

15   security test results; or (4) any aggregation of information in categories (1) through (3).

16        2.2 "Restricted Confidential" Material.

17        Materials designated as Restricted Confidential shall mean materials, including documents

18   and testimony, that are not public or do not reflect publicly available information, the disclosure

19   of which would create a substantial risk of serious harm that could not be avoided by less restrictive

20   means and that have not already been shared with the receiving Party.

21        Any Party may designate documents as Restricted Confidential upon making a good-faith

22   determination: (1) that the documents contain, reflect, or disclose information protected from

23   disclosure by statute or that should be protected from disclosure as trade secrets, highly sensitive

24   proprietary information, highly sensitive manufacturing procedures, highly sensitive competitive

25   or confidential financial information, or other highly sensitive business information, and (2) the

26   disclosure of such information is likely to cause significant harm to the business or competitive

1  position of the designating Party.

2  3.    SCOPE

3        The protections conferred by this agreement cover not only Confidential or Restricted

4  Confidential material (as defined above), but also (1) any information copied or extracted from

5  Confidential or Restricted Confidential material; (2) all copies, excerpts, summaries, or

6  compilations of Confidential or Restricted Confidential material; and (3) any testimony,

7  conversations, or presentations by Parties or their counsel that might reveal Confidential or

8  Restricted Confidential material.

9        However, the protections conferred by this agreement do not cover information that is in

10  the public domain or becomes part of the public domain through trial, unless such information

11  enters the public domain as a result of a breach of this Order.

12  4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

13        4.1    Basic Principles. A receiving Party may use Confidential or Restricted Confidential

14  material that is disclosed or produced by another Party or by a non-party in connection with this

15  case only for prosecuting, defending, or attempting to settle this litigation. Confidential or

16  Restricted Confidential material may be disclosed only to the categories of persons and under the

17  conditions described in this Order. Confidential and Restricted Confidential material must be

18  stored and maintained by a receiving Party at a location and in a secure manner that ensures that

19  access is limited to the persons authorized under this Order.

20        Nothing in this stipulated protective order will bar outside counsel from rendering advice

21  to their clients with respect to this litigation, including by relying upon any information designated

22  as Confidential or Restricted Confidential, provided that the contents of the information are not

23  disclosed except as permitted by this Order. Further, the restrictions or obligations of this Order

24  will not be deemed to prohibit discussion of any confidential material with anyone if that person

25  already has or obtains legitimate possession of that information.

26        4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:24-CV-00596-LK - 3

1   by the court, a receiving Party may disclose any Confidential material only to:

2          (a)     the receiving Party's counsel of record in this action, as well as employees

3   of counsel to whom it is reasonably necessary to disclose the information for this litigation,

4   provided that such employees are instructed to and do abide by the restrictions of this Stipulated

5   Protective Order;

6          (b)     the officers, directors, and employees (including in house counsel) of the

7   receiving Party but only to assist outside counsel with the preparation of the prosecution or defense

8   of this litigation;

9          (c)     Experts and consultants to whom disclosure is reasonably necessary for this

10  litigation, but only after such persons have signed the "Acknowledgment and Agreement to Be

11  Bound" (Exhibit A); independent consultants or experts provided that disclosure is only to the

12  extent necessary to perform such work, under the conditions set forth in this paragraph. Such expert

13  or consultant must sign the Acknowledgment and Agreement to Be Bound (Exhibit A) and must

14  access the materials in the United States only. The Parties agree that Confidential Material may be

15  disclosed to a consultant or expert only if the consultant or expert (1) is not a current employee or

16  consultant of a designating Party, (2) is not a current officer, director, or employee of any

17  competitor of a Party, and (3) at the time of retention, is not anticipated to become an officer,

18  director, or employee of any competitor of a designating Party. For the avoidance of doubt, any

19  expert or consultant retained by a Party cannot be involved in competitive decision making as

20  defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984) ("a counsel's

21  activities, association, and relationship with a client that are such as to involve counsel's advice

22  and participation in any or all of the client's decisions (pricing, product design, etc.) made in light

23  of similar or corresponding information about a competitor"), for any competitor of a Party.

24         (d)     the Court, Court personnel, and Court reporters and their staff;

25         (e)     persons or firms retained for the purpose of litigation support (e.g.

26  professional vendors for copy or imaging services retained by counsel to assist in the duplication

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:24-CV-00596-LK - 4

of Confidential Material; audio and video recording; interpreting or translating; preparing exhibits or demonstratives; organizing, storing, or retrieving data in any form or medium; jury consulting; mock trial coordination; litigation presentation ("hot seat") technicians, etc.), provided that counsel for the Party retaining the such persons or firms instructs them not to disclose any Confidential Material to third parties and to immediately return all originals and copies of any Confidential Material at the conclusion of their services or this litigation;

(f)     during their depositions, witnesses in the action, but only after such persons have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h)     other persons only by written consent of the designating Party and on such conditions as may be agreed to by the Parties, but only after such persons have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

4.3     Disclosure of "RESTRICTED CONFIDENTIAL" Information or Items. Counsel for the Parties shall not disclose or permit the disclosure of any Restricted Confidential material to any person except as set forth in paragraphs 5.2(a), 5.2(c)-(d), and 5.2(g)-(h) above, unless additional persons are stipulated by counsel or authorized by the Court.

4.4     Filing Confidential Material. Before filing Confidential or Restricted Confidential material or discussing or referencing such material in court filings, the filing Party shall confer with the designating Party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating Party will remove the Confidential or Restricted Confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating Party must identify the basis for

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:24-CV-00596-LK - 5

sealing the specific confidential information at issue, and the filing Party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal. A Party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the Party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.   DESIGNATING PROTECTED MATERIAL

    5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate, or routinized designations are prohibited. A Party may use computer technology to assist in designating documents or other materials. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating Party to sanctions.

    If it comes to a designating Party's attention that information or items that it designated for protection do not qualify for protection, the designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

    5.2   Manner and Timing of Designations. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.3(b) below), or as otherwise stipulated or

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:24-CV-00596-LK - 6

1    ordered, disclosure or discovery material that qualifies for protection under this Order must be

2    clearly so designated before or when the material is disclosed or produced.

3                (a)    Information in documentary form: (*e.g.*, paper or electronic documents and

4    deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),

5    the designating Party must affix the word "CONFIDENTIAL" or "RESTRICTED

6    CONFIDENTIAL – ATTORNEYS EYES ONLY" to each page that contains confidential material

7    in a manner that will not interfere with the legibility of the document. If only a portion or portions

8    of the material on a page qualifies for protection, the producing Party also must clearly identify

9    the protected portion(s) (*e.g.*, by making appropriate markings in the margins). When

10   electronically stored information is produced which cannot itself be marked with the designation

11   "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL – ATTORNEYS EYES ONLY," the

12   physical media on which such electronically stored information is produced shall be marked with

13   the applicable designation or the native file shall be accompanied by an associated image file

14   indicating that the document is CONFIDENTIAL or RESTRICTED CONFIDENTIAL –

15   ATTORNEYS EYES ONLY, and/or the file itself shall be identified as CONFIDENTIAL or

16   RESTRICTED CONFIDENTIAL – ATTORNEYS EYES ONLY in the file name. The receiving

17   Party shall be responsible for labeling any copies that it creates thereof, whether electronic or

18   paper, with the applicable designation.

19                (b)    Testimony given in deposition or in other pretrial proceedings: the Parties

20   and any participating non-parties must identify on the record, during the deposition or other pretrial

21   proceeding, all protected testimony, without prejudice to their right to so designate other testimony

22   after reviewing the transcript. A designating Party may designate the entirety of the testimony as

23   CONFIDENTIAL or RESTRICTED CONFIDENTIAL – ATTORNEYS' EYES ONLY at any

24   time before the deposition or other pretrial proceeding is concluded, with the right to identify more

25   specific portions of the testimony as to which protection is sought within thirty (30) days. Any

26   Party or non-party may, within thirty (30) days after receiving the transcript of the deposition or

other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as Confidential or Restricted Confidential. Unless otherwise agreed, all transcripts shall be treated as Confidential until the expiration of the thirty-day period, at which point they shall be deemed not to be Confidential or Restricted Confidential, unless designated as such under this paragraph. If a Party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)     Other tangible items: the producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items does not, standing alone, waive the designating Party's right to secure protection under this Order for such material. If a document, testimony, or information is produced that is subject to a CONFIDENTIAL or RESTRICTED CONFIDENTIAL – ATTORNEYS' EYES ONLY designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give timely written notice of such inadvertent production, together with a further copy of the subject document, testimony, or information designated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL – ATTORNEYS' EYES ONLY (the "Inadvertent Production Notice"). This provision is not intended to apply to any inadvertent production of any document, testimony, or information protected by attorney-client or work product privileges. If the receiving Party has disclosed the materials before receiving the Inadvertent Production Notice, the receiving Party shall notify the designating Party in writing of the identity of any persons to whom such materials were disclosed who would not be entitled to receive such materials under this Stipulated Protective Order. The designating Party shall advise such persons of the terms of this Stipulated Protective Order and request that such persons sign the

1  "Acknowledgment and Agreement to Be Bound" (Exhibit A) and/or to destroy the disclosed

2  materials.

3      5.4    Trial. The Parties shall meet and confer regarding the procedures for use of any

4  Confidential Materials at trial and shall move the Court for entry of an appropriate order.

5  6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6      6.1    Timing of Challenges. Any Party or non-party may challenge a designation of

7  confidentiality at any time. Unless a prompt challenge to a designating Party's confidentiality

8  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

9  burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

10 challenge a confidentiality designation by electing not to mount a challenge promptly after the

11 original designation is disclosed. In the event that counsel for a Party receiving Confidential

12 Materials objects to such designation with respect to any or all of such items, said counsel shall

13 advise counsel for the designating Party, in writing, of such objections, the specific documents,

14 testimony or information to which each objection pertains, and the specific reasons and support

15 for such objections (the "Designation Objections"). Counsel for the designating Party shall have

16 thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to

17 de-designate documents, testimony, or information pursuant to any or all of the Designation

18 Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on

19 documents, testimony or information addressed by the Designation Objections as provided herein.

20     6.2    Meet and Confer. The Parties must make every attempt to resolve any dispute

21 regarding confidential designations without court involvement. Any motion regarding confidential

22 designations or for a protective order must include a certification, in the motion or in a declaration

23 or affidavit, that the movant has engaged in a good faith meet and confer conference with other

24 affected Parties in an effort to resolve the dispute without court action. The certification must list

25 the date, manner, and participants to the conference. A good faith effort to confer requires a face-

26 to-face meeting or a telephone or video conference.

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:24-CV-00596-LK - 9

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the designating Party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging Party to sanctions. All Parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

If a Party is served with a subpoena, discovery request, or a court order that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL," that Party must:

(a)     promptly notify the designating Party in writing and include a copy of the subpoena, discovery request, or court order. The recipient of the request, subpoena, or order shall not disclose any Confidential Material pursuant to the request, subpoena, or order prior to the date specified for production on the request, subpoena, or order without the written consent of the designating party;

(b)     promptly notify in writing the Party who caused the subpoena, discovery request, or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the designating Party whose confidential material may be affected.

The designating Party may, in its sole discretion and at its own cost, move to quash or limit the request, subpoena, or order, otherwise oppose the disclosure of the confidential material, or seek to obtain confidential treatment of such material, to the fullest extent available under law, by the person or entity issuing the request, subpoena, or order. the Party who received the request, subpoena, or order shall not oppose the designating Party's effort to quash or limit the request,

1    subpoena, or order.

2    8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

3    If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential

4    or Restricted Confidential material to any person or in any circumstance not authorized under this

5    Order, the receiving Party must immediately (a) notify in writing the designating Party of the

6    unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected

7    material, (c) inform the person or persons to whom unauthorized disclosures were made of all the

8    terms of this Order, and (d) request that such person or persons execute the "Acknowledgment and

9    Agreement to Be Bound" that is attached hereto as Exhibit A.

10    9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

11    MATERIAL

12    9.1    This Stipulated Protective Order does not affect or constitute a waiver of any

13    Party's right to withhold or redact information protected from disclosure by the attorney-client

14    privilege, work product doctrine, or any other applicable privilege. When a producing Party gives

15    notice to receiving Parties that certain inadvertently produced material is subject to a claim of

16    privilege or other protection, the obligations of the receiving Parties are those set forth in Fed. R.

17    Civ. P. 26(b)(5)(B). The production or disclosure of privileged information shall not constitute or

18    be deemed a waiver or forfeiture in whole or in part of any claim of attorney-client privilege or

19    work product immunity that the disclosing Party would otherwise be entitled to assert with respect

20    to the disclosed privileged information and its subject matter regardless of the circumstances of

21    the production or disclosure.

22    10.    NON TERMINATION AND RETURN OF DOCUMENTS

23    Within sixty (60) days after the termination of this action, including all appeals, each

24    receiving Party must return all Confidential and Restricted Confidential material to the producing

25    Party, including all copies, extracts and summaries thereof. Alternatively, the Parties may agree

26    upon appropriate methods of destruction.

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:24-CV-00596-LK - 11

1    Notwithstanding this provision, outside counsel are entitled to retain one archival copy of

2    all documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

3    deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

4    product, even if such materials contain or summarize confidential material.

5    After the termination of this action by entry of a final judgment or order of dismissal

6    (including without limitation any appeals and after the time for filing all appellate proceedings has

7    passed), the provisions of this Stipulated Protective Order shall continue to be binding. This

8    Stipulated Protective Order is, and shall be deemed to be, an enforceable agreement between the

9    Parties. The Parties agree that the terms of this Stipulated Protective Order shall be interpreted and

10   enforced by this Court. The confidentiality obligations imposed by this agreement shall remain in

11   effect until a designating Party agrees otherwise in writing or a court order otherwise.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    DATED:   April 22, 2025                    */s/ Kennedy M. Brian*

4                                              Kaleigh N. Boyd, WSBA #52684
                                               **TOUSLEY BRAIN STEPHENS PLLC**

5                                              1200 Fifth Avenue, Suite 1700
                                               Seattle, WA 98101

6                                              Telephone: (206) 682-5600
                                               Facsimile: (206) 682-2992

7                                              E: kboyd@tousley.com

8                                              Samuel J. Strauss (SBN 46971)

9                                              **STRAUSS BORRELLI PLLC**
                                               One Magnificent Mile

10                                             980 N Michigan Avenue, Suite 1610
                                               Chicago, IL 60611

11                                             Telephone: (872) 263-1100
                                               Facsimile: (872) 263-1109

12                                             E: sam@straussborrelli.com

13                                             William B. Federman (admitted *pro hac vice*)

14                                             Kennedy M. Brian (admitted *pro hac vice*)
                                               **FEDERMAN & SHERWOOD**

15                                             10205 North Pennsylvania Avenue
                                               Oklahoma City, OK 73120

16                                             Telephone: (405) 235-1560
                                               Facsimile: (405) 239-2112

17                                             E: wbf@federmanlaw.com
                                               E: kpb@federmanlaw.com

18

19                                             Tyler J. Bean*

20                                             **SIRI & GLIMSTAD LLP**
                                               745 Fifth Avenue, Suite 500

21                                             New York, NY 10151
                                               Telephone: (212) 532-1091

22                                             E: tbean@sirillp.com

23                                             *Attorneys for Plaintiffs*

24

25

26

MODEL STIPULATED PROTECTIVE ORDER
CASE NUMBER  - 13

1   DATED:   April 22, 2025_____        /s/ Sam A. Camardo_____

2                                         Paul G. Karlsgodt, WSBA # 40311
                                          **BAKER & HOSTETLER LLP**
3                                         999 Third Avenue, Suite 3900
                                          Seattle, WA 98104
4                                         T: 206.332.1380
                                          F: 206.624.7317
5                                         E: pkarlsgodt@bakerlaw.com

6                                         Casie D. Collignon (admitted *pro hac vice*)
                                          **BAKER & HOSTETLER LLP**
7                                         1801 California Street, Suite 4400
                                          Denver, CO 80202
8                                         T: 303.764.4013
                                          F: 303.861.7805
9                                         E: ccollignon@bakerlaw.com

10

11                                        Sam A. Camardo (admitted *pro hac vice*)
                                          Kendall C. Kash (admitted *pro hac vice*)
12                                        **BAKER & HOSTETLER LLP**
                                          Key Tower
13                                        127 Public Square, Suite 2000
                                          Cleveland, OH 44114
14                                        T: 216.621.0200
                                          F: 216.696.0740
15                                        E: scamardo@bakerlaw.com
                                          E: kkash@bakerlaw.com
16

17                                        *Attorneys for Defendant*
                                          *Green Diamond Resource Company*
18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:24-CV-00596-LK - 14

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing Party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing Party.

DATED: April 24, 2025

_Lauren King_
Judge Lauren King
United States District Court Judge

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:24-CV-00596-LK - 15

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of

_____, declare under penalty of perjury that I have read in

its entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the Western District of Washington on _____ in the case of GREGORIO, et al.

v. GREEN DIAMOND RESOURCE COMPANY, Case No. 2:24-cv-00596-LK. I agree to comply

with and to be bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the nature

of contempt. I solemnly promise that I will not disclose in any manner any information or item

that is subject to this Stipulated Protective Order to any person or entity except in strict compliance

with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____

STIPULATED PROTECTIVE ORDER
CASE NUMBER  2:24-CV-00596-LK - 16