1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF WASHINGTON
8                              AT SEATTLE

9  JASON GREGORIO, THOMAS VALENTINE,
   LEO MCGOWAN, VINCELLE CALICA,        CASE NO. 2:24-cv-00596-LK
10  RAYMOND CALICA, AND TAMARA
   COWLES, individually and on behalf of all   **PLAINTIFFS' UNOPPOSED**
11  others similarly situated,               **MOTION FOR PRELIMINARY**
                                          **APPROVAL OF CLASS ACTION**
12                    Plaintiffs,          **SETTLEMENT**

13                                         **NOTE ON MOTION CALENDAR:**
          v.                              **September 22, 2025**
14
   GREEN DIAMOND RESOURCE COMPANY,
15
                      Defendant.
16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - i
CASE NO. 2:24-cv-00596-LK

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1

## **TABLE OF CONTENTS**

2

PROPOSED SETTLEMENT CLASS. ...................................................................... 3

3

THE SETTLEMENT BENEFITS. ......................................................................... 3

4

    a.    Non-Reversionary Common Fund. ........................................................ 3

5

    b.    Monetary Reimbursement. ................................................................... 4

6

    c.    Credit Monitoring. ............................................................................... 4

7

CLASS NOTICE AND SETTLEMENT ADMINISTRATION. .................................... 4

8

ATTORNEYS' FEES AND EXPENSES. ................................................................ 4

9

THE SETTLEMENT SATISFIES RULE 23(A). ..................................................... 5

10

    a.    The Proposed Class is Sufficiently Numerous. ................................... 6

11

    b.    The Settlement Class Satisfies Commonality. ..................................... 6

12

    c.    Plaintiffs' Claims are Typical to those of the Class. ........................... 6

13

    d.    Plaintiffs Will Adequately Protect the Interests of the Class. ............. 7

14

THE REQUIREMENTS OF RULE 23(B)(3) ARE MET FOR PURPOSES OF SETTLEMENT. ........... 7

15

THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED PURSUANT TO RULE 23(E). ...... 9

16

    a.    The Strength of Plaintiffs' Case. ........................................................ 10

17

    b.    The Risk, Expense, Complexity, and Likely Duration of Further Litigation. ............ 11

18

    c.    The Risk of Maintaining Class Action Status Through Trial ..................... 12

19

    d.    The Amount Offered in Settlement. ................................................... 13

20

    e.    The Extent of Discovery Completed and the Stage of Proceedings. .......... 14

21

    f.    The Experience and Views of Counsel. ............................................. 14

22

    g.    Governmental Participants. ................................................................ 15

23

    h.    The Reaction of the Class Members to the Proposed Settlement. ............ 15

24

    i.    Lack of Collusion Among the Parties. ............................................... 15

25

    j.    The Settlement Treats Settlement Class Members Equitably. ............. 15

26

APPOINTMENT OF THE SETTLEMENT ADMINISTRATOR. ................................. 18

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - ii
CASE NO. 2:24-cv-00596-LK

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

APPOINTMENT OF SETTLEMENT CLASS COUNSEL. ............................................................ 18

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Amchem Prod., Inc. v. Windsor*,
  521 U.S. 591 (1997) ........................................................................................5, 8

5

6

*In re Blackbaud, Inc., Customer Data Breach Litig.*,
  No. 3:20-MN-02972-JFA, 2024 WL 2155221 (D.S.C. May 14, 2024) ..............13

7

8

*In re Bluetooth Headset Prods. Liab. Litig.*,
  654 F.3d 935 (9th Cir. 2011) ..............................................................................10

9

*Calderon v. Wolf Firm*,
  No. SACV 16-1622-JLS, 2018 WL 6843723 (C.D. Cal. Mar. 13, 2018) ...........14

10

11

*Chester v. TJX Cos.*,
  No. 5:15-cv-01437-ODW(DTB), 2017 WL 6205788 (C.D. Cal. Dec. 5,
  2017)......................................................................................................................10

12

13

*Class Plaintiffs v. City of Seattle*,
  955 F.2d 1268 (9th Cir. 1992)................................................................................9

14

15

*Corra v. ACTS Ret. Servs., Inc.*,
  No. CV 22-2917, 2024 WL 22075 (E.D. Pa. Jan. 2, 2024)..................................11

16

17

*In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*,
  No. 3:08-1998, 2010 WL 3341200 (W.D. Ky. Aug. 23, 2010) ...........................12

18

*Darlene Johnson, et al. v. LifeBridge Health, Inc.*,
  No. 24-C-18-006801 (Md. Cir. Ct., Baltimore City October 26, 2022)...............13

19

20

*Dennis v. Kellogg Co.*,
  No. 09-cv-1786, 2013 WL 6055326 (S.D. Cal. Nov. 14, 2013) ..........................10

21

22

*Eisen v. Carlisle & Jacquelin*,
  417 U.S. 156 (1974)..............................................................................................16

23

*Ellis v. Costco Wholesale Corp.*,
  657 F.3d 970 (9th Cir. 2011)...............................................................................5, 7

24

25

*Fox v. Iowa Health Sys.*,
  No. 3:18-CV-00327-JDP, 2021 WL 826741 (W.D. Wis. Mar. 4, 2021) .............11

26

*Franklin v. Kaypro Corp.*,
  884 F.2d 1222 (9th Cir. 1989)..............................................................................10

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - iv
CASE NO. 2:24-cv-00596-LK

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

*Fulton-Green v. Accolade, Inc.*,
No. 18-274, 2019 WL 4677954 (E.D. Pa. Sept. 24, 2019)....................................................11

*Gordon v. Chipotle Mexican Grill, Inc.*,
No. 17-cv-01415-CMA-SKC, 2019 WL 6972701 (D. Colo. Dec. 16, 2019) ......................11

*Grimm v. American Eagle Airlines, Inc.*,
No. LA CV 11-00406 JAK, 2014 WL 1274376 (C.D. Cal. Sept. 24, 2014)........................12

*Guy v. Convergent Outsourcing, Inc.*,
No. C22-1558 MJP, 2024 WL 689526 (W.D. Wash. Feb. 20, 2024) ..................................13

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) ...........................................................................................10

*Hartranft v. TVI, Inc.*,
No. 15-01081-CJC-DFM, 2019 WL 1746137 (C.D. Cal. Apr. 18, 2019) ..........................17

*Hashemi v. Bosley, Inc.*,
No. CV 21-946 PSG, 2022 WL 18278431 (C.D. Cal. Nov. 21, 2022) ...............................13

*Holly v. Alta Newport Hospital*,
No. 2:19-cv-07496, 2020 WL 1853308 (C. D. Cal. 2020).................................................6

*Hudson v. Libre Technology Inc.*,
No. 3:18-cv-1371-GPC-KSC, 2020 WL 2467060 (S.D. Cal. May 13, 2020).....................16

*Hunichen v. Antonomi LLC*,
No. C19-0615-RAJ-SKV, 2021 WL 5854964 (W.D. Wash. Nov. 12, 2021).......................9

*In re Hyundai & Kia Fuel Econ. Litig.*,
926 F.3d 539 (9th Cir. 2019). ......................................................................................16, 17

*Just Film, Inc. v. Buono*,
847 F.3d 1108 (9th Cir. 2017)............................................................................................7

*Landin v. Hi-Sch. Pharmacy Servs., LLC*,
No. 3:24-CV-05115-TMC, 2025 WL 774754 (W.D. Wash. Mar. 11, 2025).......................6

*In re Lincare Holdings Inc. Data Breach Litig.*,
No. 8:22-CV-01472-AAS, 2024 WL 3104286 (M.D. Fla. June 24, 2024).........................13

*Linney v. Cellular Alaska P'ship*,
151 F.3d 1234 (9th Cir. 1998).............................................................................................14

*Local Joint Exec. Bd. Of Culinary/Bartender Trust Fund v. Las Vegas Sands*,
*Inc.*, 244 F.3d 1152 (9th Cir. 2001)......................................................................................8

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - v
CASE NO. 2:24-cv-00596-LK

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

*Malta v. Fed. Home Loan Mortg. Corp.*,
  No. 10-CV-1290 BEN NLS, 2013 WL 444619 (S.D. Cal. Feb. 5, 2013) .............................8

*Meyer v Portfolio Recovery Associates*,
  707 F.3d 943 (9th Cir. 2012) ...................................................................................................7

*Nat'l Rural Telecomm. Coop. v. DirecTV, Inc.*,
  221 F.R.D. 523 (C.D. Cal. 2004)...........................................................................................15

*Norton v. Maximus, Inc.*,
  No. CV 1:14-0030 WBS, 2017 WL 1424636 (D. Idaho Apr. 17, 2017) ..............................15

*Paz v. AG Adriano Goldschmeid, Inc.*,
  No. 14CV1372DMS(DHB), 2016 WL 4427439 (S.D. Cal. Feb. 29, 2016) ........................12

*Phillips Petroleum Co. v. Shutts*,
  472 U.S. 797 (1985) ................................................................................................................16

*Reyes v. Experian Info. Sols., Inc.*,
  No. SACV1600563AGAFMX, 2020 WL 466638 (C.D. Cal. Jan. 27, 2020)........................9

*In re Sonic Corp. Customer Data Sec. Breach Litig.*,
  No. 1:17-md-2807, 2019 WL 3773737 (N.D. Ohio Aug. 12, 2019)....................................11

*Spencer v. #1 A LifeSafer of Ariz., LLC*,
  No. CV-18-02225-PHX-BSB, 2019 WL 1034451 (D. Ariz. Mar. 4, 2019) ........................18

*In re the Home Depot, Inc., Customer Data Sec. Breach Litig.*,
  No. 1:14-MD-02583-TWT, 2016 WL 6902351 (N.D. Ga. Aug. 23, 2016).........................6

*Theus v. Brinker International, Inc.*,
  No. 3:18-cv-686 (M.D. Fla. June 27, 2025) .........................................................................13

*Tyson Foods, Inc. v. Bouaphakeo*,
  136 S. Ct. 1036 (2016) .............................................................................................................8

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011) ..................................................................................................................6

*Wolin v. Jaguar Land Rover N. Am., LLC*,
  617 F.3d 1168 (9th Cir. 2010)..................................................................................................8

**Statutes**

California Consumer Privacy Act .....................................................................................................2

California Consumer Records Act....................................................................................................2

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - vi
CASE NO. 2:24-cv-00596-LK

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

California Unfair Competition Law .......................................................................................2

Washington Consumer Protection Act .................................................................................2

**Other Authorities**

*4 Newberg on Class Actions* § 11.41 (4th ed. 2002) .........................................................9

Fed. R. Civ. P. 23(a)(1) ......................................................................................................6

Fed. R. Civ. P. 23(a)(3) ......................................................................................................7

Fed. R. Civ. P. 23(a)(4) ......................................................................................................7

Fed. R. Civ. P. 23(c)(2)(B) ...............................................................................................16

Fed. R. Civ. P. 23(e)(1)(B) ...............................................................................................16

Fed. R. Civ. P. 23(g)(1)(A)(i–iv).......................................................................................18

Fed. R. Civ. P. 23(g)(1)(B) ...............................................................................................18

Federal Rule of Civil Procedure 23(e).....................................................................1, 5, 9, 10

Rule 23 ..................................................................................................................6, 7, 16, 18

Rule 23(a) .............................................................................................................................5

Rule 23(b)(3) ............................................................................................................7, 8, 16

Rule 23(e)(1) ........................................................................................................................9

Rule 23(e)(2) ........................................................................................................................9

Rule 23(e)(2)(D) .................................................................................................................15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

Plaintiffs Jason Gregorio, Thomas Valentine, Leo McGowan, Vincelle Calica, Raymond Calica, and Tamara Cowles (collectively, "Plaintiffs") individually and on behalf of the putative class, move pursuant to Federal Rule of Civil Procedure 23(e) for an Order: (i) granting preliminary approval of the proposed class action settlement;[1] (ii) preliminarily certifying a class for purposes of settlement; (iii) appointing Plaintiffs as Class Representatives; (iv) appointing William B. Federman of Federman & Sherwood, Tyler J. Bean of Siri & Glimstad LLP, and Joan M. Pradhan of Tousley Brain Stephens PLLC[2] as Settlement Class Counsel; (v) approving the Parties' proposed form and method of giving notice of the pendency of this action and the settlement to the Settlement Class; (vi) directing that notice be given to the Settlement Class; (vii) scheduling a final hearing at which time the Court will consider the request for final approval of the settlement and request for attorneys' fees, expenses, and service awards; and (viii) granting such other relief as the Court deems just and proper. Defendant Green Diamond Resource Company ("Green Diamond" or "Defendant") does not oppose this Motion.

For the reasons set forth herein, the Settlement is fair, reasonable, and adequate, and the Court should grant preliminary approval of the Settlement and direct that notice of the settlement be issued to the Settlement Class.

This litigation arises from a data security incident that took place on Defendant's systems between June 26, 2023, and June 27, 2023 (the "Incident") through which an unauthorized actor potentially gained access to files containing Plaintiffs' and Settlement Class Members' names, dates of birth, medical information, health insurance information, Social Security numbers, financial account information, driver's license numbers or state identification numbers, government-issued identification numbers, passport numbers, and/or full access credentials (collectively, "Private Information"). (Consolidated Class Action

[1] The Class Action Settlement Agreement ("SA") is attached hereto as **Exhibit 1**. Unless otherwise noted capitalized terms have the same meaning assigned to them in the Settlement Agreement.
[2] William B. Federman of Federman & Sherwood, Tyler J. Bean of Siri & Glimstad LLP, and Joan M. Pradhan of Tousley Brain Stephens PLLC are hereinafter referred to as "Class Counsel" or "Settlement Class Counsel."

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 1
CASE NO. 2:24-cv-00596-LK

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Compl. ("Compl."), ¶¶ 2–3, ECF No. 20). Plaintiffs alleged that because of the Incident, cybercriminals accessed and/or acquired Plaintiffs' and Settlement Class Members' Private Information from Green Diamond's network. (*Id.* ¶ 4). Upon discovering the Incident, Defendant provided notice of the Incident to all potentially affected individuals in or around April 2024. (*Id.* ¶ 25).

After receiving notice of the Incident, Plaintiffs filed separate class action lawsuits against Green Diamond based on its alleged failure to protect their Private Information from disclosure. (ECF No. 6). These actions were consolidated into the present action and William B. Federman of Federman & Sherwood and Tyler J. Bean of Siri & Glimstad LLP were appointed as Interim Co-Lead Class Counsel. (ECF Nos. 16, 17, 21). The Consolidated Complaint alleges the following causes of action: (i) negligence; (ii) negligence *per se*; (iii) breach of implied contract; (iv) unjust enrichment; (v) violations of the California Unfair Competition Law; (vi) violations of the California Consumer Privacy Act; (vii) violations of the California Consumer Records Act; (viii) violations of the Washington Consumer Protection Act; and (ix) injunctive and declaratory relief. (*See generally*, Compl.).

On September 9, 2024, the Parties participated in a mediation with highly respected mediator, Steven Jaffe. (*See* Declaration in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Counsel Decl."), ¶ 7 (attached hereto as **Exhibit 2)**). Despite the Parties' good-faith efforts at the mediation, a settlement was not reached. (*Id.*). Thereafter, Green Diamond filed a Motion to Dismiss (ECF No. 35), which Plaintiffs responded in opposition thereto (ECF No. 44). Shortly thereafter, the Parties met and conferred regarding a joint case management schedule. (*See* ECF No. 41). The Parties also negotiated and entered into a Stipulated ESI Agreement (ECF Nos. 46 and 47), and a Stipulated Protective Order (ECF No. 58).

Furthermore, the Parties engaged in extensive discovery. (Counsel Decl., ¶ 7). Both Parties issued and responded to requests for production, interrogatories, and requests for

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 2
CASE NO. 2:24-cv-00596-LK

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    admission. (*Id.*). The Parties also exchanged initial disclosures, ESI disclosures, and

2    scheduled depositions. (*Id.*). After significant discovery took place (and mere weeks before

3    depositions were scheduled to commence), the Parties agreed to explore settlement again.

4    (*Id.*). Through these well-informed negotiations spanning over the course of many weeks, the

5    Parties were able to reach a settlement, which is memorialized in the Settlement Agreement

6    and attached exhibits (collectively, the "Settlement" or "Settlement Agreement") (attached

7    hereto as **Exhibit 1**). (*Id.*).

8        **Proposed Settlement Class.**

9        Pursuant to the terms of the Settlement Agreement, the Settlement Class is defined as

10   follows:

11

12       [A]ll individuals residing in the United States whose Private Information was
         potentially impacted in the Incident, including all those who were sent notice by
         Green Diamond. Class Members specifically exclude: (a) all individuals who are
13       directors or officers of Green Diamond, (b) the affiliate, legal representatives,
         attorneys, subsidiaries, successors, heirs, and assigns of Green Diamond, (c) the
14       Judge assigned to the Litigation, (d) that Judge's immediate family and Court
         staff, and (e) any person found by a court of competent jurisdiction to be guilty
15       under criminal law of initiating, causing, aiding or abetting the criminal activity
         occurrence of the Security Incident, or who pleads *nolo contendere* to any such
16       charge.

17

18       (Settlement Agreement, ¶ 1.5).

19   **The Settlement Benefits.**

20    a.   Non-Reversionary Common Fund.

21       The Settlement provides a very favorable result for the Settlement Class. Through the

22   Settlement, Defendant will establish a **$695,000.00** non-reversionary common fund for the

23   Settlement Class. (*Id.* ¶ 2.1). The Settlement Fund will be used to pay for: (i) Documented

24   Out-of-Pocket Expenses; (ii) *Pro Rata* Cash Payments; (iii) Credit Monitoring services; (iv)

25   Costs of Notice and Settlement Administration; (v) service awards (as approved by the

26   Court); and (vi) attorneys' fees and litigation expenses (as approved by the Court). (*Id.*).

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 3
CASE NO. 2:24-cv-00596-LK

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

b. <u>Monetary Reimbursement.</u>

***Documented Out-of-Pocket Expenses.*** All Settlement Class Members may submit a claim for up to $5,000.00 for documented out-of-pocket losses that are fairly traceable to the Incident, to be paid out of the Settlement Fund. (*Id.* ¶ 2.3.1). Examples of documented out-of-pocket losses that may be claimed include: (i) unreimbursed losses relating to fraud or identity theft; (ii) text message charges (only if charged by the message); (iii) long distance or cell phone charges (only if charged by the minute); (iv) data charges (only if charged based on the amount of data used); (v) postage; (vi) gasoline and mileage for travel; and/or (vii) unreimbursed costs of credit monitoring or other identity theft monitoring purchased by Settlement Class Members between June 26, 2023 and the Claims Deadline. (*Id.*).

***Pro Rata Cash Fund Payments.*** All Settlement Class Members are also eligible to make a claim for a cash fund payment, regardless of whether they make a claim for Documented Out-of-Pocket Expenses. (*Id.* ¶ 2.3.2). The Pro Rata Cash Fund Payments will evenly distribute the net amount of the Settlement Fund after payment of all approved claims for Out-of-Pocket Expenses, Costs of Notice and Settlement Administration, the cost of Credit Monitoring, and any attorneys' fees, expenses, and service awards approved by the Court. (*Id.*).

c. <u>Credit Monitoring.</u>

In addition to the monetary payments described above, all Settlement Class Members may submit a claim for two (2) years of three-bureau credit monitoring. (Id. ¶ 2.2).

**Class Notice and Settlement Administration.**

Notice of the Settlement will be disseminated to the Settlement Class, as further described in Section V, *infra*, by virtue of a comprehensive notice program designed to notify Class Members of the Settlement's benefits and their rights.

**Attorneys' Fees and Expenses.**

Pursuant to the terms of the Settlement Agreement, no later than fourteen (14) days

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 4
CASE NO. 2:24-cv-00596-LK

**Tousley Brain Stephens PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

before the Opt-Out and Objection Deadline, Plaintiffs and Class Counsel will file a motion with the Court seeking an award of attorneys' fees not to exceed thirty percent (30.00%) of the Settlement Fund ($208,500.00) and litigation expenses not to exceed $50,000.00. (Settlement Agreement, ¶ 7.2). Class Counsel will also seek service awards not to exceed $5,000.00 per named Plaintiff ($30,000.00 total). (*Id.* ¶ 7.3). Class Counsel respectfully submit that these requests are within the range of reasonableness for settlements of this nature, size, and complexity and will be further supported in their forthcoming motion for attorneys' fees, costs, and expenses. (Counsel Decl., ¶ 11). The discussion of attorneys' fees, expenses, and service awards did not take place until after the Parties agreed to all material settlement terms. (*Id.*).

Plaintiffs bring this Motion pursuant to Federal Rule Civil Procedure 23(e), under which court approval is required to finalize a class action settlement. Courts, including those in this Circuit, endorse a three-step process for approval of class action settlements: (i) preliminary approval of the proposed settlement; followed by (ii) dissemination of court-approved notice to the class; and (iii) a final fairness hearing, at which time class members may be heard regarding the settlement and evidence may be heard regarding the fairness, adequacy, and reasonableness of the settlement. *Manual for Complex Litigation (Fourth)* (2004) § 21.63. Plaintiffs request the Court take the first step and grant preliminary approval of the proposed Settlement Agreement.

**The Settlement Satisfies Rule 23(a).**

Before assessing the Parties' Settlement, the Court should first confirm the underlying Settlement Class meets the certification requirements of Rule 23(a). *See Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *Manual for Complex Litigation (Fourth)*, § 21.632. The requirements are commonly known as: numerosity, commonality, typicality, and adequacy—each of which is met here. Fed. R. Civ. P. 23(a); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979–80 (9th Cir. 2011).

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 5
CASE NO. 2:24-cv-00596-LK

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

a.   The Proposed Class is Sufficiently Numerous.

While there is no fixed point where the numerosity requirement is met, Courts find numerosity where there are so many class members as to make joinder impracticable. *See* Fed. R. Civ. P. 23(a)(1). Generally, Courts will find numerosity is satisfied where a class includes at least 40 members. *See Holly v. Alta Newport Hospital*, No. 2:19-cv-07496, 2020 WL 1853308, at *7 (C. D. Cal. 2020); *see also Landin v. Hi-Sch. Pharmacy Servs., LLC*, No. 3:24-CV-05115-TMC, 2025 WL 774754, at *2 (W.D. Wash. Mar. 11, 2025) (finding numerosity was satisfied in case of 17,662 class members). The proposed settlement encompasses approximately 27,896 individuals. (Settlement Agreement, ¶ 1.8). Joinder of these individuals is impracticable, therefore, the numerosity prong is satisfied.

b.   The Settlement Class Satisfies Commonality.

The Settlement Class also satisfies the commonality requirement, which requires that class members' claims "depend upon a common contention." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Here, as in most data breach cases, "[t]hese common issues all center on [Defendant's] conduct, satisfying the commonality requirement." *In re the Home Depot, Inc., Customer Data Sec. Breach Litig.*, No. 1:14-MD-02583-TWT, 2016 WL 6902351, at *2 (N.D. Ga. Aug. 23, 2016). Indeed, common questions include, *inter alia*, whether Class Members' Private Information was compromised in the Incident; whether Green Diamond owed a duty to Plaintiffs and Class Members to protect their Private Information; whether Green Diamond breached its duties; and whether Green Diamond violated the common law and statutory violations alleged. Thus, the commonality requirement is also met. *Landin*, 2025 WL 774754, at *3 (finding commonality was met in similar data privacy case).

c.   Plaintiffs' Claims are Typical to those of the Class.

Plaintiffs satisfy the typicality requirement of Rule 23 because their claims, which are based on Defendant's alleged failure to protect the Private Information of Plaintiffs and the

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 6 CASE NO. 2:24-cv-00596-LK

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    Class Members, are "reasonably coextensive with those of the absent class members." *See*

2    Fed. R. Civ. P. 23(a)(3); *Meyer v Portfolio Recovery Associates*, 707 F.3d 943, 1041–42 (9th

3    Cir. 2012) (upholding typicality finding). Plaintiffs allege their Private Information was

4    compromised, and that they were therefore impacted by the same alleged inadequate data

5    security that harmed the rest of the Class. *See Just Film, Inc. v. Buono*, 847 F.3d 1108, 1118

6    (9th Cir. 2017) ("[I]t is sufficient for typicality if the plaintiff endured a course of conduct

7    directed against the class."). Thus, typicality is met here.

8        d.  Plaintiffs Will Adequately Protect the Interests of the Class.

9        The adequacy requirement of Rule 23 is satisfied where (1) there are no antagonistic

10   or conflicting interests between the named plaintiff and their counsel and the absent class

11   members; and (2) the named plaintiff and their counsel will vigorously prosecute the action

12   on behalf of the class. Fed. R. Civ. P. 23(a)(4); *see also Ellis*, 657 F.3d at 985 (citing *Hanlon*

13   *v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)).

14        Here, Plaintiffs are members of the Class who allegedly experienced the same injuries

15   and seek, like other Class Members, compensation for Green Diamond's alleged data security

16   shortcomings. Plaintiffs have no conflicts of interest with other Class Members, are subject to

17   no unique defenses, and they and their counsel have and continue to vigorously prosecute this

18   case on behalf of the Class. (*See* Counsel Decl., ¶ 15).

19        Further, counsel for Plaintiffs have years of combined experience as vigorous class

20   action litigators and are well suited to advocate on behalf of the Class. (*Id.* ¶ 13). Thus,

21   Plaintiffs satisfy the adequacy requirement.

22      **The Requirements of Rule 23(b)(3) are Met for Purposes of Settlement.**

23        Plaintiffs allege that the Settlement Class is maintainable for purposes of settlement

24   under Rule 23(b)(3), because common questions predominate over questions affecting only

25   individual members and class resolution is superior to other available methods for a fair and

26   efficient resolution. *Id.*

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 7
CASE NO. 2:24-cv-00596-LK

The predominance requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623. As discussed above, common questions predominate over any questions affecting only individual members. Plaintiffs' claims depend on whether Green Diamond used reasonable data security to protect Plaintiffs' and the Class's Private Information. That question can be resolved, for purposes of settlement, using the same evidence for all Class Members, and thus is precisely the type of predominant question that makes a class-wide settlement worthwhile. *See Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016) ("When 'one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3)'") (citation omitted).

Further, class-wide resolution is the only practical method of addressing the alleged violations at issue in this case. There are thousands of Class Members with modest individual claims, most of whom likely lack the resources necessary to seek individual legal redress. *See Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) ("Where recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis, this factor weighs in favor of class certification."); *see also Local Joint Exec. Bd. Of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1163 (9th Cir. 2001) (cases involving "multiple claims for relatively small individual sums" are particularly well suited to class treatment). Because the claims are being certified for purposes of settlement, there are no issues with manageability, and resolution of thousands of claims in one action is far superior to individual lawsuits and promotes consistency and efficiency of adjudication. *See Malta v. Fed. Home Loan Mortg. Corp.*, No. 10-CV-1290 BEN NLS, 2013 WL 444619, at *3 (S.D. Cal. Feb. 5, 2013) (predominance met where "considerations of judicial economy favor litigating a predominant common issue once in a class action instead of many times in separate lawsuits" and the "small individual claims of class members" made it "unlikely that individual actions will be filed").

Accordingly, certification of the Class for purposes of settlement is appropriate.

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 8
CASE NO. 2:24-cv-00596-LK

**The Settlement Should be Preliminarily Approved Pursuant to Rule 23(e).**

Federal courts strongly favor and encourage settlements, particularly in class actions and other complex matters where the inherent costs, delays, and risks of continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain. *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (noting the "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned"); *4 Newberg on Class Actions* § 11.41 (4th ed. 2002) (citing cases). The Manual for Complex Litigation (Fourth) advises that in cases presented for both preliminary approval and class certification, the "judge should make a preliminary determination that the proposed class satisfies the criteria." *Id.* § 21.632.

"[U]nder Rule 23(e)(1), the issue at preliminary approval turns on whether the Court 'will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal.'" *Reyes v. Experian Info. Sols., Inc.*, No. SACV1600563AGAFMX, 2020 WL 466638, at *1 (C.D. Cal. Jan. 27, 2020). If the parties make a sufficient showing that the Court will likely be able to "approve the proposal" and "certify the class for purposes of judgment on the proposal," "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e).

As a general matter, preliminary approval is appropriate if the settlement falls within the range of possible approval. *Hunichen v. Antonomi LLC*, No. C19-0615-RAJ-SKV, 2021 WL 5854964 at *4 (W.D. Wash. Nov. 12, 2021). "[T]he purpose of the preliminary approval process is to determine whether there is any reason not to notify the class members of the proposed settlement and to proceed with a fairness hearing." Lucas v. Kmart Corp., 234 F.R.D. 688, 693 (D. Colo. 2006). The Ninth Circuit has identified nine (9) factors to consider in analyzing the fairness, reasonableness, and adequacy of a class action settlement: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 9
CASE NO. 2:24-cv-00596-LK

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the views of counsel; (7) the presence of a governmental participant; (8) the reaction of the class members to the proposed settlement; and (9) whether the settlement is a product of collusion among the parties. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011); *see also Hanlon*, 150 F.3d at 1026. Rule 23(e) requires a court to consider additional factors, including that the class representative and class counsel have adequately represented the class, and that the settlement treats class members equitably. Fed. R. Civ. P. 23(e). In applying these factors, this Court should be guided foremost by the principle that settlements of class actions are highly favored by federal courts. *Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989).

Here, the relevant factors support the conclusion that the Settlement is fundamentally fair, reasonable, and adequate, and should be preliminarily approved.

     a.  <u>The Strength of Plaintiffs' Case.</u>

Plaintiffs believe their claims are viable and that they have a reasonably good chance of proving that Green Diamond's data security was inadequate and that, if they establish that central fact, Defendant is likely to be found liable under at least some of the liability theories and statutory and common law claims Plaintiffs pled in their Consolidated Complaint. However, while Plaintiffs believe they have strong claims and would be able to prevail, they also recognize that success is not guaranteed. It is "plainly reasonable for the parties at this stage to agree that the actual recovery realized and risks avoided here outweigh the opportunity to pursue potentially more favorable results through full adjudication." *Dennis v. Kellogg Co.*, No. 09-cv-1786, 2013 WL 6055326, at *3 (S.D. Cal. Nov. 14, 2013). Here, as with most class actions, there was risk to both sides in continuing towards trial. This is especially so where significant questions of law and fact exist, which is common in data breach litigation. Here, "[t]he settlement avoids uncertainty for all parties involved." *Chester*

1  *v. TJX Cos*., No. 5:15-cv-01437-ODW(DTB), 2017 WL 6205788, at *6 (C.D. Cal. Dec. 5,

2  2017). Given the heavy obstacles and inherent risks Plaintiffs faced with respect to the novel

3  claims brought in data breach class actions, including class certification, novel damages

4  theories, summary judgment, and trial, the substantial benefits the Settlement provides favor

5  preliminary approval.

6          b.   The Risk, Expense, Complexity, and Likely Duration of Further Litigation.

7          While Plaintiffs believe in the merits of the case, all cases are subject to substantial

8  risk. This case involves a proposed class of over 27,000 individuals (each of whom, Green

9  Diamond would argue, needs to establish cognizable harm and causation); a complicated and

10  technical factual background; and a motivated Defendant that has already provided at least

11  some relief to the potentially affected individuals in the form of free credit monitoring.

12          The Court should view the value achieved through the Settlement favorably because

13  the benefit to the Settlement Class is guaranteed, whereas the chances of prevailing on the

14  merits are uncertain—especially where serious questions of law and fact exist, which is

15  common in data breach litigation. Indeed, data breach litigation is evolving; there is no

16  guarantee of a successful result. *See, e.g.*, *In re Sonic Corp. Customer Data Sec. Breach*

17  *Litig.*, No. 1:17-md-2807, 2019 WL 3773737, at *7 (N.D. Ohio Aug. 12, 2019) ("Data breach

18  litigation is complex and risky. This unsettled area of law often presents novel questions for

19  courts. And of course, juries are always unpredictable."); *Gordon v. Chipotle Mexican Grill,*

20  *Inc.,* No. 17-cv-01415-CMA-SKC, 2019 WL 6972701, at *1 (D. Colo. Dec. 16, 2019) ("Data

21  breach cases ... are particularly risky, expensive, and complex."); *Fulton-Green v. Accolade,*

22  *Inc.*, No. 18-274, 2019 WL 4677954, at *8 (E.D. Pa. Sept. 24, 2019) (noting data breaches are

23  a "risky field of litigation" because they "are uncertain and class certification is rare"); *Fox v.*

24  *Iowa Health Sys.*, No. 3:18-CV-00327-JDP, 2021 WL 826741, at *5 (W.D. Wis. Mar. 4,

25  2021) ("Data breach litigation is evolving; there is no guarantee of the ultimate result.");

26  *Corra v. ACTS Ret. Servs., Inc.*, No. CV 22-2917, 2024 WL 22075, at *12 (E.D. Pa. Jan. 2,

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 11
CASE NO. 2:24-cv-00596-LK

2024) ("[T[he Court recognizes that data breach cases such as this one are complex and risky, and recovery at trial is decidedly uncertain—$350,000 in cash is significantly better than nothing."); *In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, No. 3:08-1998, 2010 WL 3341200, at *6 (W.D. Ky. Aug. 23, 2010) (approving data breach settlement, in part, because "proceeding through the litigation process in this case is unlikely to produce the plaintiffs' desired results).

To the extent the law has gradually accepted this relatively new type of litigation over time, the path to a class-wide monetary judgment remains unforged, particularly in the area of damages. For now, data breach cases are among the riskiest and most uncertain of all class action litigation, making settlement the more prudent course when a reasonable one can be reached. The damages methodologies, while theoretically sound in Plaintiffs' view, remain largely untested in a disputed class certification setting and unproven in front of a jury. And as in any data breach case, establishing causation on a class-wide basis is rife with uncertainty. Each risk, by itself, could impede the successful prosecution of these claims at trial and in an eventual appeal, which would result in no recovery for the class. "Regardless of the risk, litigation is always expensive, and both sides would bear those costs if the litigation continued." *Paz v. AG Adriano Goldschmeid, Inc.*, No. 14CV1372DMS(DHB), 2016 WL 4427439, at *5 (S.D. Cal. Feb. 29, 2016). Thus, this factor weighs heavily in favor of preliminary approval.

c. The Risk of Maintaining Class Action Status Through Trial

Plaintiffs acknowledge that if they were to proceed to litigate the claims through trial, they and the Class would encounter risks in obtaining and maintaining certification of the Class. The Class has not been certified, and Defendant will certainly oppose certification if the case proceeds. Thus, Plaintiffs "necessarily risk losing class action status." *Grimm v. American Eagle Airlines, Inc.*, No. LA CV 11-00406 JAK, 2014 WL 1274376, at *10 (C.D. Cal. Sept. 24, 2014). While Plaintiffs are confident that this case is well suited for class

certification, numerous obstacles to certification remain. Achieving class certification in contested consumer data breach cases is **not** common. *See In re Blackbaud, Inc., Customer Data Breach Litig.*, No. 3:20-MN-02972-JFA, 2024 WL 2155221 (D.S.C. May 14, 2024) (denying motion for class certification in large data breach class action); *Theus v. Brinker International, Inc.*, No. 3:18-cv-686 (M.D. Fla. June 27, 2025) (denying class certification after an appeal to the Eleventh Circuit); *see also Hashemi v. Bosley, Inc.*, No. CV 21-946 PSG (RAOX), 2022 WL 18278431, at *4 (C.D. Cal. Nov. 21, 2022) (explaining that data breach class actions are a relatively new type of litigation and that damages methodologies in data breach cases are largely untested and have yet to be presented to a jury). These decisions magnify the risks posed by continued litigation and this factor favors preliminary approval as well.

    d.  The Amount Offered in Settlement.

    In light of the substantial risks and uncertainties presented by data breach litigation generally and this litigation specifically, the value of the Settlement strongly favors approval. The Settlement makes significant relief available to Settlement Class Members in the form of Documented Out-of-Pocket Expenses, Pro Rata Cash Fund Payments, and credit monitoring services. (Settlement Agreement, ¶¶ 2.2, 2.3.1, 2.3.2). This is a strong result for the Class—approximately $24.91 per person—and is on par with or exceeds that of other data breach settlements across the nation. *See, e.g.*, *Guy v. Convergent Outsourcing, Inc.*, No. C22-1558 MJP, 2024 WL 689526 (W.D. Wash. Feb. 20, 2024) (per person value of approximately $3.82); *Darlene Johnson, et al. v. LifeBridge Health, Inc.*, No. 24-C-18-006801 (Md. Cir. Ct., Baltimore City October 26, 2022) (data breach settlement amounting to approximately $1.60 per class member); *In re Lincare Holdings Inc. Data Breach Litig.*, No. 8:22-CV-01472-AAS, 2024 WL 3104286 (M.D. Fla. June 24, 2024) (approximately $3.06 per class member); *Desue v. 20/20 Eye Care Network*, Inc., No. 21-CIV-61275-RAR, 2023 WL 4420348 (S.D. Fla. July 8, 2023) (approximately $0.75 per class member). These comparisons are not intended to

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 13
CASE NO. 2:24-cv-00596-LK

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1  disparage the settlements achieved in those cases, but to underscore the excellent resolution

2  for the Settlement Class reached here.

3      Because the Settlement here is similar to, or exceeds, other settlements reached and

4  approved in similar cases, this factor reflects that the settlement is fair. *See Calderon v. Wolf*

5  *Firm*, No. SACV 16-1622-JLS, 2018 WL 6843723, at *7–8 (C.D. Cal. Mar. 13, 2018)

6  (comparing class settlement with other settlements in similar cases). In light of the difficulties

7  and expenses Class Members would face pursuing individual claims, as well as the risk that

8  some Class Members may be unaware of their claims, this settlement is appropriate. *See id*.

9  Accordingly, this factor favors approval.

10      e.   The Extent of Discovery Completed and the Stage of Proceedings.

11      Before entering into settlement discussions on behalf of class members, counsel

12  should have "sufficient information to make an informed decision." *Linney v. Cellular*

13  *Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998). Here, Class Counsel vigorously and

14  aggressively gathered information regarding the Data Incident—including publicly-available

15  documents concerning announcements of the Data Incident as well as through formal

16  discovery. (Counsel Decl., ¶¶ 7–8). The Parties also informally exchanged non-public

17  information concerning the Incident, its scope, and remedial measures being undertaken by

18  Green Diamond. (*Id*.). After extensive informal and formal discovery, the litigation proceeded

19  to the point where "the parties ha[d] sufficient information to make an informed decision

20  about settlement," including a realistic assessment of the strengths and weakness of their

21  respective cases. *See Linney*, 151 F.3d at 1239. Therefore, this factor supports preliminary

22  approval.

23      f.   The Experience and Views of Counsel.

24      Class Counsel have substantial experience litigating complex class cases of various

25  types, including data breach cases such as this. (*See* Counsel Decl., ¶ 13, Exs. A–C). Their

26

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 14
CASE NO. 2:24-cv-00596-LK

experience in similar types of privacy and data protection cases provided substantive knowledge on the subject to enable them to represent Plaintiffs' and Class Members' interests. (*Id.*). Having worked on behalf of the putative Class since the Incident was first announced, evaluated the legal and factual disputes, and dedicated significant time and monetary resources to this litigation, Proposed Class Counsel fully endorse the Settlement achieved. (*Id.* ¶ 13). A great deal of weight is to be accorded to the recommendation of experienced counsel, who are most closely acquainted with the facts of the underlying litigation. *See, e.g., Norton v. Maximus, Inc.*, No. CV 1:14-0030 WBS, 2017 WL 1424636, at *6 (D. Idaho Apr. 17, 2017); *Nat'l Rural Telecomm. Coop. v. DirecTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004). Thus, this factor supports approval.

      g.   Governmental Participants.

There is no governmental participant in this matter. Therefore, this factor is neutral.

      h.   The Reaction of the Class Members to the Proposed Settlement.

Because notice has not yet been given to the Class, this factor cannot be evaluated at this time.

      i.   Lack of Collusion Among the Parties.

Only after fully briefing Defendant's Motion to Dismiss, engaging informal discovery, a mediation, formal discovery, and settlement negotiations spanning over the course of months, were the Parties able to negotiate a substantial, multifaceted Settlement, as described above. (Counsel Decl., ¶¶ 7–8). These negotiations were the product of serious arms'-lengths negotiations that were free from collusion. (*Id.* ¶ 7). Thus, this factor supports preliminary approval.

      j.   The Settlement Treats Settlement Class Members Equitably.

Finally, Rule 23(e)(2)(D) requires that this Court confirm that the Settlement treats all Class Members as equitably as possible under the circumstances. In considering whether this

1 factor weighs in favor of approval, the Court must determine whether the Settlement

2 "improperly grant[s] preferential treatment to class representatives or segments of the class."

3 *Hudson v. Libre Technology Inc.,* No. 3:18-cv-1371-GPC-KSC, 2020 WL 2467060, *9 (S.D.

4 Cal. May 13, 2020) (citations omitted).

5     Here, the Settlement treats all Class Members equitably. Each Class Member has the

6 opportunity to make the same claims for benefits under the Settlement. While Proposed Class

7 Counsel will seek approval of a Service Award from this Court, as will be further explained in

8 Plaintiffs' forthcoming motion for attorneys' fees and service award, the contemplated award

9 is in line with those granted in similar cases, is presumptively reasonable, and does not call

10 into question Plaintiffs' adequacy or the validity of the Settlement. As such, this factor also

11 weighs in favor of approval.

12     Rule 23 requires that before final approval, the "court must direct notice in a

13 reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ.

14 P. 23(e)(1)(B). For classes certified under Rule 23(b)(3), "the court must direct to class

15 members the best notice that is practicable under the circumstances, including individual

16 notice to all members who can be identified through reasonable effort." Fed. R. Civ. P.

17 23(c)(2)(B). "The notice may be by one or more of the following:  United States mail,

18 electronic means, or other appropriate means." *Id*.

19     Such notice must be the "best notice practicable," (Fed. R. Civ. P. 23(c)(2)(B)), which

20 means "individual notice to all members who can be identified through reasonable effort."

21 *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). To satisfy due process, notice to

22 class members must be the best practicable, and reasonably calculated under all the

23 circumstances to apprise interested parties of the pendency of the action and afford them an

24 opportunity to present their objections. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812

25 (1985). Class settlement notices must present information about a proposed settlement simply,

26 neutrally, and understandably. *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 567 (9th

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 16
CASE NO. 2:24-cv-00596-LK

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Cir. 2019). Notice is adequate if it generally describes the terms of the class action settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard. *Id.*

Here, and following a competitive bidding process, the Parties agreed to a robust notice program to be administered by a well-respected third-party class administrator— RG/2—which will use all reasonable efforts to provide direct and individual notice to each potential Settlement Class Member via direct U.S. mail. (Settlement Agreement, ¶ 3.2.3). Settlement Class Members will have ninety (90) days to submit a claim. (*Id.* ¶ 1.3). If the claims rate is below two percent (2.0%) sixty-five (65) days after the Notice Deadline, Class Counsel will have the option to direct the Settlement Administrator to issue a reminder notice to the Settlement Class Members. (*Id.* ¶ 3.3).

The Notices and Claim Form negotiated by the Parties are clear and concise and inform Settlement Class Members of Proposed Class Counsel's request for attorneys' fees, their rights and options under the Settlement, and instructions on how to make a claim, object to the Settlement, or opt-out of the Settlement. (*Id.* at Exs. A–C). The Settlement Administrator will also establish a dedicated Settlement Website and will maintain and update the website throughout the Claims Period, with the Long Notice and Claim Forms approved by the Court, as well as the Settlement Agreement. (*Id.* ¶ 3.2.4).

The notice program is reasonably calculated under all the circumstances to apprise Class Members of the pendency of the action and afford them an opportunity to present their objections. Class Members may object to the Settlement or exclude themselves from the Settlement within sixty (60) days of the Notice Deadline. (*Id.* ¶¶ 1.16, 1.17).

Because the notice plan ensures that Settlement Class Members' due process rights are amply protected, this Court should approve it. *See Hartranft v. TVI, Inc.*, No. 15-01081-CJC-DFM, 2019 WL 1746137, at *3 (C.D. Cal. Apr. 18, 2019) ("The Court finds that the Class Notice and the manner of its dissemination…constitutes the best practicable notice under the

1    circumstances and is reasonably calculated, under all the circumstances, to apprise Settlement
2    Class Members of the pendency of this action, the terms of the Agreement, and their right to
3    object to or exclude themselves from the Settlement Class."); *see also Spencer v. #1 A*
4    *LifeSafer of Ariz., LLC*, No. CV-18-02225-PHX-BSB, 2019 WL 1034451, at *3 (D. Ariz.
5    Mar. 4, 2019) (preliminarily approving class action settlement and finding "that the proposed
6    notice program is clearly designed to advise the Class Members of their rights.").

7        **Appointment of the Settlement Administrator.**

8        In connection with implementation of the Notice Program and administration of the
9    settlement benefits, the Parties request that the Court appoint RG/2 to serve as the Settlement
10   Administrator. RG/2 has a trusted and proven track record of supporting thousands of class
11   action administrations. (Counsel Decl., ¶ 10).

12       **Appointment of Settlement Class Counsel.**

13       Under Rule 23, "a court that certifies a class must appoint class counsel [who must]
14   fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). In
15   making this determination, courts generally consider the following attributes: the proposed
16   class counsel's (1) work in identifying or investigating potential claims, (2) experience in
17   handling class actions or other complex litigation, and the types of claims asserted in the case,
18   (3) knowledge of the applicable law, and (4) resources committed to representing the class.
19   Fed. R. Civ. P. 23(g)(1)(A)(i–iv).

20       Here, proposed Class Counsel have extensive experience prosecuting class actions and
21   other complex cases, and specifically data breach cases. (*See* Counsel Decl., ¶ 13, Exs. A–C).
22   Accordingly, the Court should appoint William B. Federman of Federman & Sherwood, Tyler
23   J. Bean of Siri & Glimstad LLP, and Joan M. Pradhan of Tousley Brain Stephens PLLC as
24   Settlement Class Counsel as Class Counsel.

25       For the reasons set forth above, Plaintiffs respectfully request this Court grant
26   Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and enter

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 18
CASE NO. 2:24-cv-00596-LK

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    the Proposed Order.

2

3    DATED this 22nd day of September, 2025.

4                                    TOUSLEY BRAIN STEPHENS PLLC

5

6    By: s/*Joan M. Pradhan*
         Kaleigh N. Boyd, WSBA #52684
7        kboyd@tousley.com
         Joan M. Pradhan, WSBA #58134
8        jpradhan@tousley.com
         1200 Fifth Avenue, Suite 1700
9        Seattle, Washington  98101
         Telephone: (206) 682-5600
10       Facsimile: (206) 682-2992
         E: kboyd@tousley.com
11
         William B. Federman (admitted *pro hac vice*)
12       Kennedy M. Brian (admitted *pro hac vice*)
         FEDERMAN & SHERWOOD
13       10205 North Pennsylvania Avenue
         Oklahoma City, Oklahoma 73120
14       Telephone: (405) 235-1560
         Facsimile: (405) 239-2112
15       E: wbf@federmanlaw.com
         E: kpb@federmanlaw.com
16
         Tyler J. Bean (admitted *pro hac vice*)
17       SIRI & GLIMSTAD LLP
         745 Fifth Avenue, Suite 500
18       New York, New York 10151
         Telephone: (212) 532-1091
19       E: mbarney@sirillp.com
         E: tbean@sirillp.com
20
         ***Proposed Settlement Class Counsel for Plaintiffs and***
21       ***the Class***

22

23

24

25

26

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 19
CASE NO. 2:24-cv-00596-LK