Docusign Envelope ID: 9ED86D02-7B0A-423B-A3AF-CE3BDC1F6A25

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| **JASON GREGORIO, THOMAS VALENTINE, LEO MCGOWAN, VINCELLE CALICA, RAYMOND CALICA, AND TAMARA COWLES**, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**GREEN DIAMOND RESOURCE COMPANY**,<br><br>Defendant. | Case No. 2:24-cv-00596-LK |

<u>**SETTLEMENT AGREEMENT**</u>

This Settlement Agreement, dated as of this 11ᵗʰ day of September, 2025, is made and entered into by and among Plaintiffs Jason Gregorio, Thomas Valentine, Leo McGowan, Vincelle Calica, Raymond Calica, and Tamara Cowles (collectively, "Plaintiffs"), individually and on behalf of the Settlement Class (as defined below), and Defendant Green Diamond Resource Company ("Green Diamond" and, together with Plaintiffs, the "Settling Parties"), by and through their respective counsel. The Settlement Agreement is subject to Court approval and is intended by the Settling Parties to fully, finally, and forever resolve, discharge, release, and settle the Released Claims (as defined below), upon and subject to the terms and conditions hereof.

**I.     THE LITIGATION**

In their Consolidated Class Action Complaint filed on July 1, 2024 (the "Complaint"), Plaintiffs allege that their Private Information (defined below) was accessible by criminal third-party actors who gained access to Green Diamond's systems between June 26, 2023, and June 27,

Docusign Envelope ID: 9ED86D02-7B0A-423B-A3AF-CE3BDC1F6A25

2023 (the "Incident"). Plaintiffs allege that they suffered injuries and damages related to the diminution of value to their Private Information, lost time and opportunity costs, annoyance, interference, and inconvenience, as a result of the Incident.

Green Diamond has denied and continues to deny: (a) each and every allegation and all charges of wrongdoing, fault, or liability of any kind whatsoever asserted or which could have been asserted in this Litigation; (b) that the Plaintiffs in the Litigation and the class they purport to represent have suffered any cognizable damage or harm caused by Green Diamond's conduct related to the Incident; and (c) that the Plaintiffs could satisfy the requirements necessary to try the Litigation as a class action.

Pursuant to the terms set out below, this Settlement Agreement provides for the resolution of all claims and causes of action asserted, or that could have been asserted, against Green Diamond and the Released Persons (as defined below) relating to or arising out of the Incident, by and on behalf of Plaintiffs and the Settlement Class Members (as defined below), and any other such actions by and on behalf of any other individuals, or putative classes of individuals, originating, or that may originate, in jurisdictions in the United States of America ("United States," as defined below) against Green Diamond and the Released Persons relating to the Incident.

## II.    CLAIMS OF PLAINTIFFS AND BENEFITS OF SETTLING

Plaintiffs believe that the claims asserted in the Litigation, as set forth in the Complaint, have merit, which Green Diamond denies. Plaintiffs and Class Counsel (as defined below) recognize and acknowledge, however, the expense and length of continued proceedings necessary to prosecute the Litigation against Green Diamond through further discovery, motion practice, trial, and potential appeals. They have also considered the uncertain outcome and risk of further litigation, as well as the difficulties and delays inherent in such litigation. Class Counsel are highly

Docusign Envelope ID: 9ED86D02-7B0A-423B-A3AF-CE3BDC1F6A25

experienced in class-action litigation and very knowledgeable regarding the relevant claims, remedies, and defenses at issue in data-breach litigation in general and in this Litigation in particular. They have determined that the settlement set forth in this Settlement Agreement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

## III.    DENIAL OF WRONGODING AND LIABILITY

Green Diamond denies each and every claim and contention alleged against it in the Litigation. Green Diamond denies any and all wrongdoing, fault, or liability that is alleged, or which could be alleged, in the Litigation. Nonetheless, Green Diamond has concluded that further litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.

## IV.    TERMS OF SETTLEMENT

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the Settling Parties, that, subject to the approval of the Court as provided for in this Agreement, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice as to the Settling Parties, the Settlement Class, and the Settlement Class Members, except as to those Opt-Outs, upon and subject to the terms and conditions of this Settlement Agreement, as follows:

**1.    Definitions**

As used in the Settlement Agreement, the following terms have the meanings specified below:

1.1    "Agreement" or "Settlement Agreement" means this Agreement.

1.2    "CAFA Notice" means a notice of the proposed Settlement Agreement in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et*

Docusign Envelope ID: 9ED86D02-7B0A-423B-A3AF-CE3BDC1F6A25

*seq.* ("CAFA"), to be served upon the appropriate state official in each state where a Settlement Class Member resides and the appropriate federal official. Costs for preparation and issuance of the CAFA Notice will be paid from the Settlement Fund.

1.3    "Claims Deadline" means the postmark and/or online submission deadline for Valid Claims (as defined below). The Claims Deadline is ninety (90) days after the Notice Deadline, as set forth in § 3.2.

1.4    "Claim Form" means the form that the Settlement Class Members must complete and submit on or before the Claims Deadline to be eligible for the benefits described herein. The Claim Form shall require a sworn signature or electronic verification but shall not require notarization. The Claim Form will be substantially in a form as shown in the template attached hereto as **Exhibit C** and will be available on both the Settlement Website (as defined below) and in paper format if specifically requested by a Settlement Class Member. The Claim Form shall include the ability for Settlement Class Members to select the means by which they shall be paid, and shall include options to be paid by check or by other electronic means usually and customarily offered by the Settlement Administrator (*e.g.*, Venmo, PayPal, CashApp, Prepaid Electronic Credit Card, etc.).

1.5    "Class Members" means all individuals residing in the United States whose Private Information was potentially impacted in the Incident, including all those who were sent notice by Green Diamond. Class Members specifically exclude: (a) all individuals who are directors or officers of Green Diamond, (b) the affiliate, legal representatives, attorneys, subsidiaries, successors, heirs, and assigns of Green Diamond, (c) the Judge assigned to the Litigation, d) that Judge's immediate family and Court staff, and (e) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing,

Docusign Envelope ID: 9ED86D02-7B0A-423B-A3AF-CE3BDC1F6A25

aiding or abetting the criminal activity occurrence of the Security Incident, or who pleads *nolo contendere* to any such charge.

1.6    "Costs of Settlement Administration" means all actual costs associated with or arising from Settlement Administration.  The Settlement Administrator shall, from the Settlement Fund, pay all Costs of Settlement Administration subject to approval by Class Counsel.

1.7    "Court" means the United States District Court for the Western District of Washington at Seattle.

1.8    "Incident" means the data security incident alleged in the operative Consolidated Complaint, *i.e.*, the cyberattack perpetrated on Green Diamond on June 26 through June 27, 2023, in which an authorized criminal actor accessed certain of Green Diamond's files, which may have included the Private Information of approximately 27,896 individuals.

1.9    "Defendant" means Green Diamond Resource Company.

1.10    "Effective Date" means the Effective Date as defined in § 9.1 below.

1.11    "Final Approval" means an order and Judgment that the Court enters which finally approves the Settlement Agreement without material change to the Settling Parties' agreed-upon proposed final approval order and judgment. Class Counsel shall move the Court for a Final Approval Order of this Settlement fourteen (14) days prior to the date of the Final Fairness Hearing.

1.12    "Judgment" means a judgment rendered by the Court, substantially in the form as shown in **Exhibit E**.

Docusign Envelope ID: 9ED86D02-7B0A-423B-A3AF-CE3BDC1F6A25

1.13    "Litigation" means the above-captioned action, *Gregorio, et al. v. Green Diamond Resource Company*, Case No. 2:24-cv-00596-LK, which is pending in the United States District Court for the Western District of Washington at Seattle.

1.14    "Long Notice" means the long form notice of settlement posted on the Settlement Website, substantially in the form as shown in the template attached as **Exhibit B** hereto.

1.15    "Notice Deadline" means the date by which the Short Notice must be mailed to the Settlement Class, as set forth in § 3.2. The Notice Deadline is thirty (30) days following entry of the Preliminary Approval Order.

1.16    "Objection Deadline" means the date by which Settlement Class Members' objections must be filed with the Clerk of the Court, with service to Class Counsel for the Settling Parties, for such to be timely and effective. The Objection Deadline is sixty (60) days from the Notice Deadline.

1.17    "Opt-Out Deadline" means the date by which requests for exclusion from the Settlement must be postmarked in order to be effective and timely. The Opt-Out Deadline is sixty (60) days from the Notice Deadline.

1.18    "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, or assignees.

1.19    "Private Information" means any kind of legally protected information, including, but not limited to, individual names, dates of birth, medical information, health

Docusign Envelope ID: 9ED86D02-7B0A-423B-A3AF-CE3BDC1F6A25

insurance information, Social Security numbers, financial account information, driver's license numbers or state identification numbers, government-issued identification numbers, passport numbers, and access credentials.

1.20    "Plaintiffs" or "Class Representatives" means Jason Gregorio, Thomas Valentine, Leo McGowan, Vincelle Calica, Raymond Calica, and Tamara Cowles.

1.21    "Preliminary Approval Order" means the order preliminarily approving the Settlement Agreement and ordering that notice be provided to the Class Members, substantially in the form as shown in **Exhibit D** hereto.

1.22    "Related Entities" means Defendant Green Diamond's respective past or present subsidiaries, divisions, owners, parents, and related or affiliated entities, and each of their respective predecessors, successors, trustees, directors, officers, principals, agents, attorneys, assigns, transferees, insurers, and reinsurers, and includes, without limitation, any Person related to any such entity who is, was or could have been named as a defendant in this Litigation.

1.23    "Released Claims" shall collectively mean any and all past, present, and future claims, causes of action of any kind or description, lawsuits, set-offs, costs, expenses, attorneys' fees, losses, rights, demands, charges, complaints, action, matters, suits, petitions, obligations, debts, contracts, penalties, damages (including incidental damages, consequential damages, statutory damages, and punitive damages), rights to restitution, disgorgement, or other monetary relief, or liabilities of any kind or description and of any nature whatsoever whether known or unknown, whether known or unknown, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, matured or unmatured, in law or equity, and any other form of legal or equitable relief that

Docusign Envelope ID: 9ED86D02-7B0A-423B-A3AF-CE3BDC1F6A25

either has been asserted, was asserted, or could have been asserted, by any Settlement Class Member against any of the Released Persons based on, relating to, concerning, or arising out of the Incident or the investigation thereof. Released Claims shall not include the right of any Settlement Class Member, Class Counsel, or any of the Released Persons to enforce the terms of the settlement contained in this Settlement Agreement and shall not include the claims of Opt-Outs.

1.24    "Released Persons" means Green Diamond and the Related Parties.

1.25    "Settlement Administration" means the issuing of notice of the settlement reflected in this Agreement to Class Members and the processing and payment of claims received from Settlement Class Members by the Settlement Administrator (as defined below).

1.26    "Settlement Administrator" means RG/2, a company experienced in administering class action claims generally and, specifically, those of the type provided for and made in data breach litigation.

1.27    "Settlement Claim" or "Claim" means a claim for settlement benefits made under the terms of this Settlement Agreement.

1.28    "Settlement Class" means all Settlement Class Members.

1.29    "Settlement Class Counsel" and/or "Class Counsel" means William B. Federman of Federman & Sherwood, Tyler J. Bean of Siri & Glimstad LLP, and Kaleigh N. Boyd of Tousley Brain Stephens PLLC.

1.30    "Settlement Class Member(s)" means a Class Member who does not timely and validly opt-out of the Agreement by excluding themselves from this settlement proceeding using the protocol described herein.

Docusign Envelope ID: 9ED86D02-7B0A-423B-A3AF-CE3BDC1F6A25

1.31    "Settlement Fund" shall mean the common fund established pursuant to § 2.1 of this Agreement.

1.32    "Settlement Website" means the website described in § 3.2.2.

1.33    "Settling Parties" means, collectively, Green Diamond and Plaintiffs, individually and on behalf of the Settlement Class Members.

1.34    "Short Notice" means the content of the mailed notice to the proposed Settlement Class Members, substantially in the form as shown in the template attached as **Exhibit A** hereto.  The Short Notice will direct recipients to the Settlement Website and inform Class Members of, among other things, the Claims Deadline, the Opt-Out Deadline, the Objection Deadline, the requested attorneys' fees, and the date of the Final Fairness Hearing (as defined below).

1.35    "Unknown Claims" means any of the Released Claims that any Settlement Class Member, including Plaintiffs, does not know or suspect to exist in his/her favor at the time of the release of the Released Persons that, if known by him or her, might have affected his or her settlement with, and release of, the Released Persons, or might have affected his or her decision not to object to and/or to participate in this Settlement Agreement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, Plaintiffs intend to and expressly shall have, and each of the other Settlement Class Members intend to and shall be deemed to have, and by operation of the Judgment shall have, waived any Unknown Claims and any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, California Civil Code §§ 1798.80 *et seq.*, Montana Code § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota

Docusign Envelope ID: 9ED86D02-7B0A-423B-A3AF-CE3BDC1F6A25

Codified Laws § 20-7-11), which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Settlement Class Members, including Plaintiffs, may hereafter discover facts in addition to, or different from, those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, upon the Effective Date, fully, finally and forever settled and released any and all Released Claims. The Settling Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

    1.36    "United States" as used in this Settlement Agreement includes all 50 states, the District of Columbia and all territories.

    1.37    "Valid Claims" means Settlement Claims in an amount approved by the Settlement Administrator or found to be valid through the claims processing and/or dispute resolution process described in § 2.6.

## 2. **Settlement Benefits**

    2.1    <u>Settlement Fund</u>. Green Diamond and/or its insurers shall fund a non-reversionary common fund of six hundred ninety-five thousand dollars and zero cents ($695,000.00) as consideration for the releases obtained in this Settlement. Within twenty-

Docusign Envelope ID: 9ED86D02-7B0A-423B-A3AF-CE3BDC1F6A25

one (21) days of entry of the Preliminary Approval Order, Green Diamond will pay or cause to be paid this amount into a non-reversionary cash settlement fund for the benefit of Settlement Class Members. The Settlement Administrator shall provide wiring instructions and a properly completed and duly executed IRS Form W-9, along with any other necessary forms, to Green Diamond within ten (10) days after the entry of the Preliminary Approval Order. As set forth below, the Settlement Fund will be used to pay for: (i) compensation for Documented Out-of-Pocket Expenses (§ 2.3.1); (ii) *Pro Rata* Cash Payments (§ 2.3.2); (iii) Credit Monitoring services (§ 2.2); (iv) Costs of Notice and Settlement Administration (§ 2.7); (v) service awards (§ 7.3); and (vi) attorneys' fees and litigation expenses (§ 7.2). Except as provided under this Agreement, Green Diamond shall have no other financial obligation under this Agreement whatsoever. In addition, under no circumstances will Green Diamond or any of the Released Persons have any liability for taxes or tax expenses for Class Members, their counsel, or any third party under this Settlement Agreement.

2.2    Credit Monitoring.  All Settlement Class Members who submit a Valid Claim using the Claim Form, including necessary supporting documentation, are eligible for two (2) years of three-bureau credit monitoring. Settlement Class Members will need to enroll to receive this benefit.

2.3    Monetary Reimbursement.

2.3.1    Documented Out-Of-Pocket Expenses. All Settlement Class Members may submit a claim for up to five thousand dollars and zero cents ($5,000.00) for documented out-of-pocket losses that are fairly traceable to the Incident, to be paid out of the Settlement Fund. Examples of kinds of documented out-of-pocket losses that may be claimed include:

Docusign Envelope ID: 9ED86D02-7B0A-423B-A3AF-CE3BDC1F6A25

(i) unreimbursed losses relating to fraud or identity theft; (ii) text message charges (only if charged by the message); (iii) long distance or cell phone charges (only if charged by the minute); (iv) data charges (only if charged based on the amount of data used); (v) postage; (vi) gasoline and mileage for travel; and/or (vii) unreimbursed costs of credit monitoring or other identity theft monitoring purchased by Settlement Class Members between June 26, 2023 and the Claims Deadline. Settlement Class Members must also have made reasonable efforts to avoid, or seek reimbursement for, such losses, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance. Settlement Class Members with losses must submit substantial and plausible documentation supporting their claims. This can include receipts or other documentation not "self-prepared" by the claimant that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement for losses, but can be considered to add clarity or support other submitted documentation and a description of how the time was spent.

2.3.2. *Pro Rata* Cash Fund Payments.  All Settlement Class Members are eligible to make a claim for a cash fund payment, regardless of whether they make a claim for Documented Out-of-Pocket Expenses, to be paid out of the Settlement Fund. The *pro rata* cash fund payments will evenly distribute the net amount of the Settlement Fund after payment of all approved claims for Out-of-Pocket Expenses, Costs of Notice and Settlement Administration, the cost of Credit Monitoring, and any attorneys' fee and expense award and service awards, with such net amount to be distributed to each Settlement Class Member who submits a Valid Claim.

Docusign Envelope ID: 9ED86D02-7B0A-423B-A3AF-CE3BDC1F6A25

2.3.3.   Claim Form.  Settlement Class Members seeking payment under this § 2.3 must complete and submit a Claim Form to the Settlement Administrator, postmarked or submitted online by the Claims Deadline.  The Notice to the Settlement Class will specify this deadline and other relevant dates described herein.  Failure to provide sufficient supporting documentation for Documented Out-of-Pocket Expenses, referenced above, as requested on the Claim Form, shall result in denial of that portion of Documented Out-of-Pocket Expenses for which such documentation is not provided.  No documentation is required to claim *Pro Rata* Cash Fund Payments, provided the Settlement Class Member properly submits a Valid Claim.

2.4     Limitation on Reimbursable Expenses.  Nothing in this Settlement Agreement shall be construed as requiring Green Diamond to provide, and Green Diamond shall not be required to provide, for a payment for the same loss or injury that was reimbursed or compensated by any other source.  No payment shall be made for emotional distress, personal/bodily injury, or punitive damages, as all such amounts are not recoverable pursuant to the terms of the Settlement Agreement.

2.5     Dispute Resolution for Claims.  The Settlement Administrator, in its discretion to be reasonably exercised, will determine whether: (i) the claimant is a Settlement Class Member; (ii) the claimant has provided all information needed to complete the Claim Form, including any documentation that may be necessary to reasonably support the expenses described in § 2.3.1; and (iii) the information submitted could lead a reasonable person to conclude that more likely than not the claimant has suffered the claimed losses as a result of the Incident.  The Settlement Administrator may, at any time, request from the claimant, in writing, additional information as the Settlement Administrator may reasonably require in order to evaluate the claim, e.g.,

Docusign Envelope ID: 9ED86D02-7B0A-423B-A3AF-CE3BDC1F6A25

documentation requested on the Claim Form, and required documentation regarding the claimed losses. The Settlement Administrator's initial review will be limited to a determination of whether the claim is complete and plausible. For any claims that the Settlement Administrator determines to be implausible, the Settlement Administrator will deem those claims invalid and submit those claims to counsel for the Settling Parties. If the Settling Parties agree that any such claim is a Valid Claim, the Settlement Administrator shall follow counsel's joint direction regarding the disposition of the claim. If the Settling Parties agree that any such claim is improper, the Settlement Administrator shall follow counsel's joint direction regarding the disposition of the claim. If the Settling Parties cannot agree on the disposition of a claim, the Settling Parties, upon election of any Settling Party, will submit the claim for disposition to a jointly agreed upon impartial third-party claim referee for determination.

      2.5.1   Upon receipt of an incomplete or unsigned Claim Form or a Claim Form that is not accompanied by sufficient documentation to determine whether the claim is facially valid, the Settlement Administrator shall request additional information ("Claim Supplementation") and give the claimant twenty-one (21) days to cure the defect before rejecting the claim. Requests for Claim Supplementation shall be made within thirty (30) days of receipt of such Claim Form or thirty (30) days from the Effective Date, whichever comes later. In the event of unusual circumstances interfering with compliance during the twenty-one (21) day period, the claimant may request and, for good cause shown (illness, military service, out of the country, mail failures, lack of cooperation of third parties in possession of required information, etc.), shall be given a reasonable extension of the twenty-one (21) day deadline in which to comply; however, in no event shall the deadline be extended to later than six (6) months from the Effective Date. If the defect is not timely

Docusign Envelope ID: 9ED86D02-7B0A-423B-A3AF-CE3BDC1F6A25

cured, then the claim will be deemed invalid and there shall be no obligation to pay the claim.

2.5.2   Following receipt of additional information requested by the Settlement Administrator, the Settlement Administrator shall have ten (10) days to accept, in whole or lesser amount, or reject each claim.  If, after reviewing the claim and all documentation submitted by the claimant, the Settlement Administrator determines that such a claim is facially valid, then the claim shall be paid.  If the Settlement Administrator determines that such a claim is not facially valid because the claimant has not provided all information needed to complete the Claim Form and enable the Settlement Administrator to evaluate the claim, then the Settlement Administrator may reject the claim without any further action.  If the claim is rejected in whole or in part, for other reasons, then the claim shall be referred to the Settling Parties as set forth in § 2.5, and then, if necessary, the claims referee.

2.5.3   If any dispute is submitted to the claims referee, the claims referee may make a final determination of the dispute or request further supplementation of a claim within thirty (30) days of the claims referee's receipt of the submitted dispute.  The claims referee's determination shall be based on whether the claims referee is persuaded that the claimed amounts are reasonably supported in fact and were more likely than not caused by the Incident.  The claims referee shall have the power to approve a claim in full or in part. The claims referee's decision will be final and non-appealable.  Any claimant referred to the claims referee shall reasonably cooperate with the claims referee, including by either providing supplemental information as requested or, alternatively, signing an authorization allowing the claims referee to verify the claim through third-party sources, and failure to

Docusign Envelope ID: 9ED86D02-7B0A-423B-A3AF-CE3BDC1F6A25

cooperate shall be grounds for denial of the claim in full. The claims referee shall make a final decision within thirty (30) days of the latter of the following events: its receipt of the submitted dispute and receipt of all supplemental information requested.

2.6    Settlement Expenses. All costs for notice to the Settlement Class as required under §§ 3.1 and 3.2, Costs of Settlement Administration under §§ 8.1, 8.2, and 8.3, and the costs of dispute resolution described in § 2.6, shall be paid from the Settlement Fund by the Settlement Administrator subject to approval by Class Counsel.

2.8    Settlement Class Certification. The Settling Parties agree, for purposes of this settlement only, to the certification of the Settlement Class. If the settlement set forth in this Settlement Agreement is not approved by the Court, or if the Settlement Agreement is terminated or cancelled pursuant to the terms of this Settlement Agreement, this Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Class had never been certified, without prejudice to any Settling Party's position on the issue of class certification or any other issue. The Settling Parties' agreement to the certification of the Settlement Class is also without prejudice to any position asserted by the Settling Parties in any other proceeding, case or action, as to which all of their rights are specifically preserved. All discussions and agreements related to the Settlement Agreement shall be considered confidential and inadmissible pursuant to Fed. R. Evid. 408.

**3.    Order of Preliminary Approval and Publishing of Notice of Final Fairness Hearing**

3.1    As soon as practicable after the execution of the Settlement Agreement, Class Counsel shall submit this Settlement Agreement to the Court as part of a motion for preliminary approval of the Settlement Agreement requesting entry of a mutually agreeable Preliminary Approval Order requesting, inter alia:

Docusign Envelope ID: 9ED86D02-7B0A-423B-A3AF-CE3BDC1F6A25

3.1.1.    certification of the Settlement Class for settlement purposes only pursuant to § 2.8;

3.1.2.    preliminary approval of the Settlement Agreement as set forth herein;

3.1.3.    appointment of William B. Federman of Federman & Sherwood, Tyler J. Bean of Siri & Glimstad LLP, and Kaleigh N. Boyd of Tousley Brain Stephens PLLC;

3.1.4    appointment of Plaintiffs as Class Representatives;

3.1.5    providing that the settlement as set forth in this Agreement is not an admission or evidence of wrongdoing, fault, violation of law, or liability of any kind by Green Diamond, and that evidence relating to this Agreement shall not be discoverable or used in any action or proceeding, except for purposes of interpreting or enforcing this Agreement and the Preliminary and Final Approval Orders;

3.1.6    approval of a customary form of Short Notice with Claim Form to be e-mailed or mailed by first-class United States Postal Service ("USPS") mail to Settlement Class Members in a form substantially similar to the template attached as **Exhibit A** hereto;

3.1.7    approval of the Long Notice to be posted on the Settlement Website in a form substantially similar to the template attached as **Exhibit B** hereto, which, together with the Short Notice, shall include a fair summary of the general terms of the settlement set forth in the Settlement Agreement, instructions for how to object to or opt-out of the settlement, the process and instructions for making claims to the extent contemplated herein, the requested attorneys' fees, and the date, time and place of the Final Fairness Hearing;

Docusign Envelope ID: 9ED86D02-7B0A-423B-A3AF-CE3BDC1F6A25

       3.1.8      approval of the Claim Form in a form substantially similar to the template attached as **Exhibit C**, which will be available in both a tear-off form on the Short Notice, as well as on the Settlement Website in .pdf and electronic formats;

       3.1.9      appointment of RG/2 as the Settlement Administrator; and

       3.1.10     that the Court schedule a hearing (the "Final Fairness Hearing") at which it may grant Final Approval of the settlement set forth herein..

    3.2     The Settlement Administrator shall pay for providing notice to the Class Members in accordance with the Preliminary Approval Order, and the costs of such notice, together with the Costs of Settlement Administration shall be paid from the Settlement Fund. Any attorneys' fees, costs, and expenses of Class Counsel, and any service awards to the Class Representatives, as approved by the Court, shall be paid from the Settlement Fund as set forth in § 7 below. Notice shall be provided to Class Members by the Settlement Administrator as follows:

       3.2.1    <u>Class Member Information</u>: Within fourteen (14) days of entry of the Preliminary Approval Order, Green Diamond shall provide the Settlement Administrator with the name and last known physical address of each Class Member (collectively, "Class Member Information") that Green Diamond and/or the Related Parties possess. The Class Member Information and its contents shall be used by the Settlement Administrator solely for the purpose of performing its obligations pursuant to this Agreement and shall not be used for any other purpose at any time. Except to administer the settlement as provided in this Agreement, or to provide all data and information in its possession to the Settling Parties upon request, the Settlement Administrator shall not reproduce, copy, store, or distribute in any form, electronic or otherwise, the Class Member Information.

Docusign Envelope ID: 9ED86D02-7B0A-423B-A3AF-CE3BDC1F6A25

3.2.2     <u>Settlement Website</u>:   Prior to the dissemination of the Short Notice, the Settlement Administrator shall establish the Settlement Website, which will inform Class Members of the terms of this Agreement, their rights, dates and deadlines and related information.   The Settlement Website shall include, in .pdf format and available for download, the following: (i) the Long Notice; (ii) the Claim Form; (iii) the Preliminary Approval Order; (iv) this Agreement; (v) the operative Consolidated Complaint filed in this Litigation; (vi) Class Counsel's application for attorneys' fees and expenses and the service awards for Class Representatives; and (vii) any other materials agreed upon by the Settling Parties and/or required by the Court.   The Settlement Website shall provide Class Members with the ability to complete and submit the Claim Form, and supporting documentation, electronically. The Settlement Website will remain operational until sixty (60) days after all payments have been distributed.

3.2.3.     <u>Short Notice</u>: On or before the Notice Deadline, the Settlement Administrator will provide notice to the Class Members as follows:

(a) Via U.S. mail to all Class Members a postcard with tear-off Claim Form to the last known physical address provided to Green Diamond and/or the Related Parties by the Class Members.  Before any physical mailing under this § 3.2.3 occurs, the Settlement Administrator shall run the postal addresses of Class Members through the USPS National Change of Address database to update any change of address on file with the USPS within twenty-one (21) days of entry of the Preliminary Approval Order.

(b) In the event that the Short Notice is returned to the Settlement Administrator because the postal address of the recipient is not valid, and

Docusign Envelope ID: 9ED86D02-7B0A-423B-A3AF-CE3BDC1F6A25

the envelope contains a forwarding address, the Settlement Administrator shall re-send the Short Notice to the forwarding address within seven (7) days of receiving the returned Short Notice.

(c) In the event that subsequent to the first mailing of a Short Notice, and at least fourteen (14) days prior to the Opt-Out Deadline and the Objection Deadline, a Short Notice is returned to the Settlement Administrator by the USPS because the address of the recipient is no longer valid, *i.e.*, the envelope is marked "Return to Sender" and does not contain a new forwarding address, the Settlement Administrator shall perform a standard skip trace, in the manner that the Settlement Administrator customarily performs skip traces, in an effort to attempt to ascertain the current address of the particular Class Member in question and, if such an address is ascertained, the Settlement Administrator will re-send the Short Notice within seven (7) days of receiving such information. This shall be the final requirement for mailing.

3.2.4    <u>Publishing</u>: The Settlement Administrator shall publish, on or before the date of mailing the Short Notice, the Claim Form and the Long Notice on the Settlement Website as specified in the Preliminary Approval Order, and maintain and update the Settlement Website throughout the claim period;

3.2.5    <u>Help Line</u>:    A toll-free help line shall be made available by the Settlement Administrator to provide Class Members with additional information about the settlement and to respond to Class Members' questions. The Settlement Administrator also

Docusign Envelope ID: 9ED86D02-7B0A-423B-A3AF-CE3BDC1F6A25

will provide copies of the Short Notice, Long Notice, and paper Claim Form, as well as this Settlement Agreement, upon request to Class Members; and

    3.2.6   <u>Affidavit of Compliance</u>: Contemporaneously with seeking Final Approval of the settlement, Class Counsel shall cause to be filed with the Court an appropriate affidavit or declaration from the Settlement Administrator with respect to complying with this provision of notice.

    3.3   The Short Notice, Long Notice, and other applicable communications to the Class Members may be adjusted by the Settlement Administrator, respectively, in consultation and agreement with the Settling Parties, as may be reasonable and not inconsistent with such approval. Additionally, a reminder notice, which shall be in a form substantially similar to the Short Notice (with appropriate edits showing that it is a reminder, as agreed to by the Settling Parties), may be sent out sixty-five (65) days after the Notice Date (the "Reminder Notice Date") if the percentage of Settlement Class Members who have submitted claims as of the Reminder Notice Date is less than 2%.

    3.4   Within ten (10) days following the filing of the Motion for Preliminary Approval and pursuant thereto, the Settlement Administrator, on behalf of Green Diamond, shall cause a CAFA Notice to be served upon the appropriate State and Federal officials.  Green Diamond will cooperate with the Settlement Administrator in preparing and finalizing that CAFA Notice. All expenses incurred in connection with the preparation and service of the CAFA Notice by the Settlement Administrator shall be payable from the Settlement Fund.

**4.**   **<u>Opt-Out Procedures</u>**

    4.1   Each Class Member wishing to opt-out of the Settlement Class shall individually sign and timely submit written notice of such intent to the designated email address or Post Office

Docusign Envelope ID: 9ED86D02-7B0A-423B-A3AF-CE3BDC1F6A25

box established by the Settlement Administrator. Class Members wishing to opt-out of the Settlement Class will only be able to submit an opt-out request on their own behalf; mass or class opt-outs will not be permitted. The written notice must: (i) state the Class Member's name and address; (ii) contain the Class Member's signature and/or the signature of his or her duly authorized attorney or other duly authorized representative; and (iii) clearly manifest the Class Member's intent to be excluded from the Settlement Class. To be effective, written notice must be postmarked (or dated for emails) by the Opt-Out Deadline.

4.2     All Class Members who submit valid and timely notices of their intent to be excluded from the Settlement Class, as set forth in § 4.1 above, referred to herein as "Opt-Outs," shall not receive any cash benefits of and/or be bound by the terms of this Settlement Agreement. All Class Members who do not request to be excluded from the Settlement Class in the manner set forth in § 4.1 above shall be bound by the terms of this Settlement Agreement, Release, and Judgment entered thereon.

4.3     If there are more than 25 valid Opt-Outs, Green Diamond may, in its sole discretion, void this Settlement Agreement by notifying Class Counsel and the Court in writing within ten (10) business days from the date the Settlement Administrator provides the Opt-out List to Green Diamond as provided in § 9.3 below.

5.    **Objection Procedures**

5.1     Each Settlement Class Member desiring to object to the Settlement Agreement shall submit a timely written notice of his or her objection to the designated email address or Post Office box established by the Settlement Administrator by the Objection Deadline. Such notice shall state: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the

22

Docusign Envelope ID: 9ED86D02-7B0A-423B-A3AF-CE3BDC1F6A25

objector is a member of the Settlement Class (e.g., copy of notice, copy of original notice of the Incident); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of any and all counsel representing the objector in connection with the objection; (v) a statement as to whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; (vi) the objector's signature and/or the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); and (vii) a list, by case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the last three (3) years. To be timely, written notice of an objection in the appropriate form must be mailed to the designated email address or Post Office box established by the Settlement Administrator and contain the case name and docket number *Gregorio, et al. v. Green Diamond Resource Company*, Case No. 2:24-cv-00596-LK (W.D. Wash.) by the Objection Deadline. Any Settlement Class Member who fails to comply with the requirements for objecting in § 5.1 shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Litigation. The exclusive means for any challenge to the Settlement Agreement shall be through the provisions of § 5.1. Without limiting the foregoing, any challenge to the Settlement Agreement, the Final order approving this Settlement Agreement, or the Judgment to be entered upon Final Approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

6.   **Releases**

Docusign Envelope ID: 9ED86D02-7B0A-423B-A3AF-CE3BDC1F6A25

6.1     Upon the Effective Date, each Settlement Class Member, including Plaintiffs, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Plaintiffs, shall directly, indirectly, representatively, or as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the Settlement Agreement as provided herein) in which any of the Released Claims are asserted.6.2     Upon the Effective Date, Green Diamond shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged, Plaintiffs, each and all of the Settlement Class Members, and Class Counsel, of all claims, including, based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims.  Any other claims or defenses Green Diamond may have against such Persons including, without limitation, any claims based upon or arising out of any retail, banking, debtor-creditor, contractual, or other business or union relationship with such Persons that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims are specifically preserved and shall not be affected by the preceding sentence.

6.3     Notwithstanding any term herein, neither Green Diamond nor its Related Parties, shall have or shall be deemed to have released, relinquished, or discharged any claim or defense against any Person other than Plaintiffs, each and all of the Settlement Class Members, and Class Counsel.

Docusign Envelope ID: 9ED86D02-7B0A-423B-A3AF-CE3BDC1F6A25

6.4    Nothing in this § 6 shall preclude any action to enforce the terms of this Settlement Agreement by Plaintiffs, Settlement Class Members, Class Counsel, and/or Green Diamond.

**7.    Attorneys' Fees, Costs, and Expenses; Service Awards to Plaintiffs**

7.1    The Settling Parties did not discuss the payment of attorneys' fees, costs, expenses and/or any service award to Plaintiffs, as provided for in §§ 7.2 and 7.3, until after the substantive terms of the settlement had been agreed upon, other than that Green Diamond would not object to a request for reasonable attorneys' fees, costs, expenses, and a service award to Plaintiffs from the Settlement Fund as may be ordered by the Court.

7.2    Plaintiffs and Class Counsel shall, no later than fourteen (14) days before the Opt-Out and Objection Deadlines, file with the Court a motion seeking attorneys' fees and costs, as set forth herein. Plaintiffs shall seek an award of attorneys' fees not to exceed 30% of the Settlement Fund, or $208,500.00. Plaintiffs shall also seek reimbursement for reasonable out-of-pocket costs and expenses in an amount not to exceed $50,000.00. The Settlement Administrator shall, from the Settlement Fund, pay the attorneys' fees and expenses award approved by the Court up to the agreed maximum.

7.3    At least fourteen (14) days before the Opt-Out and Objection Deadlines, Class Counsel will file a motion seeking a service award payment for the Plaintiffs in recognition of their contributions to this Litigation. Subject to Court approval, Class Counsel will seek approval of a service award in the amount of $5,000.00 to each of the named Plaintiffs (for a total payment of $30,000.00). The Settlement Administrator shall, from the Settlement Fund, pay the service awards approved by the Court up to the agreed maximum.

7.4    Within fourteen (14) days of the Effective Date, the Settlement Administrator shall pay to an account designated by Class Counsel the amount awarded by the Court for attorneys'

Docusign Envelope ID: 9ED86D02-7B0A-423B-A3AF-CE3BDC1F6A25

fees, costs, and the service awards. Class Counsel shall thereafter distribute the award of attorneys' fees, costs, and expenses and the service awards as necessary, consistent with §§ 7.2 and 7.3. Class Counsel shall have the sole discretion to make the fee allocations amongst Plaintiffs' counsel. Green Diamond bears no responsibility or liability relating to the allocation of the attorneys' fees and expenses among Plaintiffs' counsel.

7.5     The finality or effectiveness of the Settlement Agreement shall not depend upon the Court awarding any particular attorneys' fees and expenses award or service award. No order of the Court, or modification or reversal on appeal of any order reducing the amount of attorneys' fees, costs, expenses, and/or service awards provided for in this Section shall affect whether the Judgment is final or constitute grounds for cancellation or termination of the Settlement Agreement.

8. **Administration of Claims**

8.1     The Settlement Administrator shall administer and calculate the claims submitted by Settlement Class Members under § 2.2.  Class Counsel and Green Diamond shall be given reports as to both claims and distribution, and have the right to challenge the claims and distribution set forth in those reports, including by requesting and receiving, for any approved claim, the name of the Class Member, a description of the approved claim, including dollar amounts to be paid, and all supporting documentation submitted.  The Settlement Administrator's and claims referee's, as applicable, determination of whether a Settlement Claim is a Valid Claim shall be binding, subject to the above right of review and challenge and the dispute resolution process set forth in § 2.6.

Docusign Envelope ID: 9ED86D02-7B0A-423B-A3AF-CE3BDC1F6A25

8.2    Checks for Valid Claims shall be mailed and postmarked, and electronic payments shall be issued electronically, within thirty (30) days of the Effective Date, or within thirty (30) days of the date that the claim is approved, whichever is later.

8.3    All Class Members who fail to timely submit a claim for any benefits hereunder within the time frames set forth herein, or such other period as may be ordered by the Court, or otherwise expressly allowed by law or the Settling Parties' written agreement, shall be forever barred from receiving any payments or benefits pursuant to the settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein and the Judgment.

8.4    No Person shall have any claim against the Settlement Administrator, claims referee, Green Diamond, Released Persons, Class Counsel, Plaintiffs, and/or Green Diamond's counsel based on distributions of benefits, or the denial of benefits, to Settlement Class Members.

8.5    Information submitted by Settlement Class Members in connection with submitted claims under this Settlement Agreement shall be deemed confidential and protected as such by the Settlement Administrator, claims referee, Class Counsel, and counsel for Green Diamond.

9. **Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

9.1    The Effective Date of the settlement shall be conditioned on the occurrence of all of the following events:

9.1.1.  the settlement pursuant to this Settlement Agreement is approved by the Court;

9.1.2   the Court has entered a Judgment granting Final Approval to the settlement as set forth herein; and

27

Docusign Envelope ID: 9ED86D02-7B0A-423B-A3AF-CE3BDC1F6A25

9.1.3    the time to appeal or seek permission to appeal from Judgment has expired or, if appealed, the appeal has been dismissed in its entirety by the court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review.

9.2    If all conditions specified in § 9.1 hereof are not satisfied, the Settlement Agreement shall be canceled and terminated subject to § 9.4 unless Class Counsel and counsel for Green Diamond mutually agree in writing to proceed with the Settlement Agreement.

9.3    Within seven (7) days after the Opt-Out Deadline, the Settlement Administrator shall furnish to Class Counsel and to counsel for Green Diamond a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

9.4    In the event that the Settlement Agreement § 6 is not approved by the Court, either preliminarily or finally, or the settlement set forth in the Settlement Agreement is terminated in accordance with its terms: (i) the Settling Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party or Settling Party's counsel; (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose; and (iii) any Judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, nunc pro tunc. Notwithstanding any statement in this Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order reducing the amount of attorneys' fees, costs, expenses, and/or service award shall constitute grounds for cancellation or termination of the Settlement Agreement. Further, notwithstanding any statement in this Settlement Agreement to the contrary, Green

Docusign Envelope ID: 9ED86D02-7B0A-423B-A3AF-CE3BDC1F6A25

Diamond shall be obligated to pay amounts already billed or incurred by the Settlement Administrator, as of the date the Court denies preliminary or final approval or such approval is reversed on appeal, for costs of notice to the Class Members and for Settlement Administration, and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation. In the event any of the releases or definitions set forth herein are not approved by the Court as written, the Settlement Agreement may be terminated unless Class Counsel and Green Diamond's counsel mutually agree in writing to proceed with the Settlement Agreement.

### 10.  **Miscellaneous Provisions**

10.1    The Settling Parties: (i) acknowledge that it is their intent to consummate this Settlement Agreement; (ii) agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Settlement Agreement; and (iii) agree to exercise their best efforts to accomplish the terms and conditions of this Settlement Agreement.

10.2    The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense or class certification thereof.  The Settling Parties each agree that the settlement was negotiated in good faith by the Settling Parties and reflects a settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis. It is agreed that no Party shall have any liability to any other Party as it relates to the Litigation, except as set forth in the Settlement Agreement.

Docusign Envelope ID: 9ED86D02-7B0A-423B-A3AF-CE3BDC1F6A25

10.3    Neither the Settlement Agreement, nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Persons; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  Any of the Released Persons may file the Settlement Agreement and/or the Judgment in any action related to the Incident that may be brought against them or any of them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10.4    The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

10.5    The Settlement Agreement contains the entire understanding between Green Diamond and Plaintiffs, individually and on behalf of the Settlement Class, regarding this Agreement or the settlement of the Litigation, and supersedes all previous negotiations, agreements, commitments, understandings, and writings between Green Diamond and Plaintiffs in connection with this Agreement or the settlement of the Litigation.  Except as otherwise provided herein, each party shall bear its own costs.  Any other agreements reached between Green Diamond, Plaintiffs, and any third party are expressly excluded from this provision.

10.6    Class Counsel, on behalf of the Settlement Class, are expressly authorized by Plaintiffs to take all appropriate actions required or permitted to be taken by the Settlement Class

Docusign Envelope ID: 9ED86D02-7B0A-423B-A3AF-CE3BDC1F6A25

pursuant to the Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Settlement Class which they deem appropriate in order to carry out the spirit of this Settlement Agreement and to ensure fairness to the Settlement Class.

10.7    Each counsel or other Person executing the Settlement Agreement on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

10.8    The Settlement Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.

10.9    The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.  No assignment of this Settlement Agreement will be valid without the other party's prior, written permission.

10.10    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

10.11    As used herein, "he" means "he, she, or it"; "his" means "his, hers, or its"; and "him" means "him, her, or it."

10.12    All dollar amounts stated herein are in United States Dollars (USD).

10.13    Cashing a settlement check, or receiving an electronic payment, is a condition precedent to any Settlement Class Member's right to receive monetary settlement benefits.  All settlement checks shall be void ninety (90) days after issuance and shall bear the language: "This check must be cashed within ninety (90) days, after which time it is void."  If a check becomes

Docusign Envelope ID: 9ED86D02-7B0A-423B-A3AF-CE3BDC1F6A25

void, the Settlement Class Member shall have until six (6) months after the Effective Date to request re-issuance by the Settlement Administrator. If no request for re-issuance is made within this period, the Settlement Class Member will have failed to meet a condition precedent to recovery of monetary settlement benefits, the Settlement Class Member's right to receive monetary relief shall be extinguished, Green Diamond shall have no obligation to make payments to or provide any other type of monetary relief to the Settlement Class Member, and the Settlement Administrator shall have no obligation to make payments to the Settlement Class Member for any type of monetary relief.  The same provisions shall apply to any re-issued check.  For any checks that are issued or re-issued for any reason more than one hundred eighty (180) days from the Effective Date, requests for re-issuance need not be honored after such checks become void and the total amount of such uncashed Settlement checks will be paid to a charitable organization to be agreed upon by Green Diamond and Class Counsel and approved by the Court. In no event will a Settlement Class Member be permitted to cash a check once the value of uncashed checks has been paid to a *cy pres* organization, as agreed to by the Parties and approved by the Court.

10.14   All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

10.15   No Party makes any representation or warranty to the other regarding the effect that this Agreement and the consummation of the transactions contemplated hereby may have upon the federal, state, local, or other tax liability of the other.

**IN WITNESS WHEREOF**, the parties hereto have caused the Settlement Agreement to be executed by their duly authorized attorneys.

[*Signature blocks on next page*]

Docusign Envelope ID: 9ED86D02-7B0A-423B-A3AF-CE3BDC1F6A25

By: /s/ _____

Kaleigh N. Boyd
**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Telephone: (206) 682-5600
Facsimile: (206) 682-2992
kboyd@tousley.com

By: /s/ _____

William B. Federman
**FEDERMAN & SHERWOOD**
10205 North Pennsylvania Avenue
Oklahoma City, Oklahoma 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
wbf@federmanlaw.com

By: /s/ _____

Tyler J. Bean
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, New York 10151
Telephone: (212) 532-1091
tbean@sirillp.com

*Counsel for Plaintiffs and the Putative Class*

By: /s/ _____

Jason Gregorio, Plaintiff

By: /s/ _____

Thomas Valentine, Plaintiff

By: /s/ _____

Leo McGowan, Plaintiff

By: /s/ _____

Paul G. Karlsgodt
**BAKER & HOSTETLER LLP**
999 Third Avenue, Suite 3900
Seattle, WA 98104
T: 206.332.1380
F: 206.624.7317
E: pkarlsgodt@bakerlaw.com

Casie D. Collignon
**BAKER & HOSTETLER LLP**
1801 California Street, Suite 4400
Denver, CO 80202
T: 303.764.4013
F: 303.861.7805
E: ccollignon@bakerlaw.com

Sam A. Camardo
Kendall C. Kash
**BAKER & HOSTETLER LLP**
Key Tower 127 Public Square, Suite 2000
Cleveland, OH 44114
T: 216.621.0200
F: 216.696.0740
E: scamardo@bakerlaw.com
E: kkash@bakerlaw.com

*Counsel for Defendant Green Diamond*

By: /s/ _____

Kristen Karabensh, Green Diamond
Resource Company

By: /s/ _____

Kaleigh N. Boyd
**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Telephone: (206) 682-5600
Facsimile: (206) 682-2992
kboyd@tousley.com


By: /s/ _____

William B. Federman
**FEDERMAN & SHERWOOD**
10205 North Pennsylvania Avenue
Oklahoma City, Oklahoma 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
wbf@federmanlaw.com


By: /s/ _____

Tyler J. Bean
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, New York 10151
Telephone: (212) 532-1091
tbean@sirillp.com


*Counsel for Plaintiffs and the Putative Class*


By: /s/_____

Jason Gregorio, Plaintiff


By: /s/_____

Thomas Valentine, Plaintiff


By: /s/_____

Leo McGowan, Plaintiff


By: /s/ _____

Paul G. Karlsgodt
**BAKER & HOSTETLER LLP**
999 Third Avenue, Suite 3900
Seattle, WA 98104
T: 206.332.1380
F: 206.624.7317
E: pkarlsgodt@bakerlaw.com


Casie D. Collignon
**BAKER & HOSTETLER LLP**
1801 California Street, Suite 4400
Denver, CO 80202
T: 303.764.4013
F: 303.861.7805
E: ccollignon@bakerlaw.com


Sam A. Camardo
Kendall C. Kash
**BAKER & HOSTETLER LLP**
Key Tower 127 Public Square, Suite 2000
Cleveland, OH 44114
T: 216.621.0200
F: 216.696.0740
E: scamardo@bakerlaw.com
E: kkash@bakerlaw.com


*Counsel for Defendant Green Diamond*


By: /s/_____

Kristen Karabensh, Green Diamond
Resource Company

By: /s/_____

Kaleigh N. Boyd
**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Telephone: (206) 682-5600
Facsimile: (206) 682-2992
kboyd@tousley.com

By: /s/   *William B. Federman*

William B. Federman
**FEDERMAN & SHERWOOD**
10205 North Pennsylvania Avenue
Oklahoma City, Oklahoma 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
wbf@federmanlaw.com

By: /s/_____

Tyler J. Bean
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, New York 10151
Telephone: (212) 532-1091
tbean@sirillp.com

*Counsel for Plaintiffs and the Putative Class*

By: /s/_____
Signed by:
Jason Gregorio
914AA62EA29D473...
Jason Gregorio, Plaintiff

By: /s/_____

Thomas Valentine, Plaintiff

By: /s/_____

Leo McGowan, Plaintiff

By: /s/_____

Paul G. Karlsgodt
**BAKER & HOSTETLER LLP**
999 Third Avenue, Suite 3900
Seattle, WA 98104
T: 206.332.1380
F: 206.624.7317
E: pkarlsgodt@bakerlaw.com

Casie D. Collignon
**BAKER & HOSTETLER LLP**
1801 California Street, Suite 4400
Denver, CO 80202
T: 303.764.4013
F: 303.861.7805
E: ccollignon@bakerlaw.com

Sam A. Camardo
Kendall C. Kash
**BAKER & HOSTETLER LLP**
Key Tower 127 Public Square, Suite 2000
Cleveland, OH 44114
T: 216.621.0200
F: 216.696.0740
E: scamardo@bakerlaw.com
E: kkash@bakerlaw.com

*Counsel for Defendant Green Diamond*

By: /s/_____

Kristen Karabensh, Green Diamond
Resource Company

By: /s/_____

Kaleigh N. Boyd
**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Telephone: (206) 682-5600
Facsimile: (206) 682-2992
kboyd@tousley.com


By: /s/_____

William B. Federman
**FEDERMAN & SHERWOOD**
10205 North Pennsylvania Avenue
Oklahoma City, Oklahoma 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
wbf@federmanlaw.com

By: /s/  *Tyler J. Bean*_____

Tyler J. Bean
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, New York 10151
Telephone: (212) 532-1091
tbean@sirillp.com


*Counsel for Plaintiffs and the Putative Class*


By: /s/_____

Jason Gregorio, Plaintiff


By: /s/ *Thomas Valentine*_____
<span style="font-size:small">Mr. Thomas Valentine (Jun 24, 2025 11:24 PDT)</span>

Thomas Valentine, Plaintiff


By: /s/_____

Leo McGowan, Plaintiff


By: /s/_____

Paul G. Karlsgodt
**BAKER & HOSTETLER LLP**
999 Third Avenue, Suite 3900
Seattle, WA 98104
T: 206.332.1380
F: 206.624.7317
E: pkarlsgodt@bakerlaw.com

Casie D. Collignon
**BAKER & HOSTETLER LLP**
1801 California Street, Suite 4400
Denver, CO 80202
T: 303.764.4013
F: 303.861.7805
E: ccollignon@bakerlaw.com

Sam A. Camardo
Kendall C. Kash
**BAKER & HOSTETLER LLP**
Key Tower 127 Public Square, Suite 2000
Cleveland, OH 44114
T: 216.621.0200
F: 216.696.0740
E: scamardo@bakerlaw.com
E: kkash@bakerlaw.com

*Counsel for Defendant Green Diamond*


By: /s/_____

Kristen Karabensh, Green Diamond
Resource Company

By: /s/ _____

Kaleigh N. Boyd
**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Telephone: (206) 682-5600
Facsimile: (206) 682-2992
kboyd@tousley.com


By: /s/ _____

William B. Federman
**FEDERMAN & SHERWOOD**
10205 North Pennsylvania Avenue
Oklahoma City, Oklahoma 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
wbf@federmanlaw.com


By: /s/ _____

Tyler J. Bean
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, New York 10151
Telephone: (212) 532-1091
tbean@sirillp.com


*Counsel for Plaintiffs and the Putative Class*


By: /s/ _____

Jason Gregorio, Plaintiff


By: /s/ _____

Thomas Valentine, Plaintiff


By: /s/ _____

Leo McGowan, Plaintiff


By: /s/ _____

Paul G. Karlsgodt
**BAKER & HOSTETLER LLP**
999 Third Avenue, Suite 3900
Seattle, WA 98104
T: 206.332.1380
F: 206.624.7317
E: pkarlsgodt@bakerlaw.com


Casie D. Collignon
**BAKER & HOSTETLER LLP**
1801 California Street, Suite 4400
Denver, CO 80202
T: 303.764.4013
F: 303.861.7805
E: ccollignon@bakerlaw.com


Sam A. Camardo
Kendall C. Kash
**BAKER & HOSTETLER LLP**
Key Tower 127 Public Square, Suite 2000
Cleveland, OH 44114
T: 216.621.0200
F: 216.696.0740
E: scamardo@bakerlaw.com
E: kkash@bakerlaw.com


*Counsel for Defendant Green Diamond*


By: /s/ _____

Kristen Karabensh, Green Diamond
Resource Company

33

Doc ID: 833ffcd71168721ba970ee58d60aa5dd410259ae

By: /s/ *Vincelle Calica*

Vincelle Calica, Plaintiff


By: /s/ *Raymond Calica*

Raymond Calica, Plaintiff


By: /s/ *Tamara Cowles*

Tamara Cowles, Plaintiff

**Dropbox Sign**

Audit trail

| | |
|---|---|
| **Title** | Green Diamond | Settlement Agreement | Leo McGowan |
| **File name** | Green_Diamond_Set...n__final_6-23.pdf |
| **Document ID** | 833ffcd71168721ba970ee58d60aa5dd410259ae |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | • Signed |

**This document was requested from embedded.hellosign.com**

## Document history

| | | |
|---|---|---|
| **SENT** | **07 / 03 / 2025** 15:09:29 UTC-5 | Sent for signature to Leo McGowan (joshyboy20@hotmail.com) from esignature@straussborrelli.com IP: 104.181.47.249 |
| **VIEWED** | **07 / 08 / 2025** 15:31:59 UTC-5 | Viewed by Leo McGowan (joshyboy20@hotmail.com) IP: 134.22.94.186 |
| **SIGNED** | **07 / 11 / 2025** 05:53:52 UTC-5 | Signed by Leo McGowan (joshyboy20@hotmail.com) IP: 134.22.94.186 |
| **COMPLETED** | **07 / 11 / 2025** 05:53:52 UTC-5 | The document has been completed. |

# Green Diamond Settlement Agreement 6.20.25 (Clean) final 6-23

Final Audit Report                                    2025-06-24

| | |
|---|---|
| Created: | 2025-06-24 |
| By: | Cherie Cornfield (ccornfield@sirillp.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAPrEskJBA6xreZSLEZszZQu3aPQd0HbEA |

## "Green Diamond Settlement Agreement 6.20.25 (Clean) final 6-23" History

📄 Document created by Cherie Cornfield (ccornfield@sirillp.com)
2025-06-24 - 4:01:25 PM GMT

📧 Document emailed to Mr. Thomas Valentine (tom082@yahoo.com) for signature
2025-06-24 - 4:01:33 PM GMT

📄 Email viewed by Mr. Thomas Valentine (tom082@yahoo.com)
2025-06-24 - 6:20:13 PM GMT

✍️ Document e-signed by Mr. Thomas Valentine (tom082@yahoo.com)
Signature Date: 2025-06-24 - 6:28:36 PM GMT - Time Source: server

✅ Agreement completed.
2025-06-24 - 6:28:36 PM GMT

Adobe Acrobat Sign

**Progress® | RightSignature**



**REFERENCE NUMBER**
3502E7CD-B5FB-4E66-A59D-C7FB544B3F8B

# SIGNATURE CERTIFICATE

## TRANSACTION DETAILS

**Reference Number**
3502E7CD-B5FB-4E66-A59D-C7FB544B3F8B

**Transaction Type**
Signature Request

**Sent At**
06/24/2025 04:52 PM EDT

**Executed At**
06/29/2025 12:17 AM EDT

**Identity Method**
email

**Distribution Method**
email

**Signed Checksum**
414ac15a959a9bbd76bf9642925553632f7d6f93495332bacccf64daba850333

**Signer Sequencing**
Disabled

**Document Passcode**
Disabled

## DOCUMENT DETAILS

**Document Name**
Green Diamond Settlement Agreement 6 20 25 Clean final 6-23

**Filename**
Green_Diamond_Settlement_Agreement_6_20_25_Clean_final_6-23.pdf

**Pages**
34 pages

**Content Type**
application/pdf

**File Size**
275 KB

**Original Checksum**
91ca3848f40fbabff43cdb78afaf22656de016e4e17cdafbf5099d00dff6fa03

# SIGNERS

| SIGNER | E-SIGNATURE | EVENTS |
|---|---|---|
| **Name**<br>Tamara Cowles<br><br>**Email**<br>tamaracowles@comcast.net<br><br>**Components**<br>1 | **Status**<br>signed<br><br>**Multi-factor Digital Fingerprint Checksum**<br>4f53cda18c2baa0c0354bb5f9a3ecbe5ed12ab4d8e11ba873c2f11161202b945<br><br>**IP Address**<br>52.45.54.47<br><br>**Device**<br>Chrome Mobile via Android<br><br>**Typed Signature**<br>*Tamara Cowles*<br><br>**Signature Reference ID**<br>DFD8A628 | **Viewed At**<br>06/29/2025 12:13 AM EDT<br><br>**Identity Authenticated At**<br>06/29/2025 12:17 AM EDT<br><br>**Signed At**<br>06/29/2025 12:17 AM EDT |
| **Name**<br>Vincelle Calica<br><br>**Email**<br>cellyd@msn.com<br><br>**Components**<br>1 | **Status**<br>signed<br><br>**Multi-factor Digital Fingerprint Checksum**<br>4f53cda18c2baa0c0354bb5f9a3ecbe5ed12ab4d8e11ba873c2f11161202b945<br><br>**IP Address**<br>54.144.112.110<br><br>**Device**<br>Firefox via Windows<br><br>**Typed Signature**<br>*Vincelle Calica*<br><br>**Signature Reference ID**<br>293B6D48 | **Viewed At**<br>06/26/2025 10:49 PM EDT<br><br>**Identity Authenticated At**<br>06/26/2025 10:50 PM EDT<br><br>**Signed At**<br>06/26/2025 10:50 PM EDT |

| SIGNER | E-SIGNATURE | EVENTS |
|---|---|---|
| **Name**<br>Raymond Calica | **Status**<br>signed | **Viewed At**<br>06/25/2025 07:50 PM EDT |
| **Email**<br>rscalica@live.com | **Multi-factor Digital Fingerprint Checksum**<br>4f53cda18c2baa0c0354bb5f9a3ecbe5ed12ab4d8e11ba873c2f11161202b945 | **Identity Authenticated At**<br>06/25/2025 07:53 PM EDT |
| **Components**<br>1 | **IP Address**<br>52.45.54.47 | **Signed At**<br>06/25/2025 07:53 PM EDT |
| | **Device**<br>Firefox via Windows | |
| | **Typed Signature**<br>Raymond Calica | |
| | **Signature Reference ID**<br>A88C63B5 | |

# AUDITS

| TIMESTAMP | AUDIT |
|---|---|
| 06/24/2025 04:52 PM EDT | Amy Stanton (astanton@tousley.com) created document 'Green_Diamond_Settlement_Agreement_6_20_25_Clean_final_6-23.pdf' on Chrome via Windows from 54.144.112.110. |
| 06/24/2025 04:52 PM EDT | Tamara Cowles (tamaracowles@comcast.net) was emailed a link to sign. |
| 06/24/2025 04:52 PM EDT | Vincelle Calica (cellyd@msn.com) was emailed a link to sign. |
| 06/24/2025 04:52 PM EDT | Raymond Calica (rscalica@live.com) was emailed a link to sign. |
| 06/24/2025 05:05 PM EDT | Tamara Cowles (tamaracowles@comcast.net) viewed the document on Chrome Mobile via Android from 54.144.112.110. |
| 06/24/2025 06:51 PM EDT | Raymond Calica (rscalica@live.com) viewed the document on Firefox via Windows from 54.144.112.110. |
| 06/24/2025 06:51 PM EDT | Raymond Calica (rscalica@live.com) viewed the document on Chrome via Windows from 52.45.54.47. |
| 06/24/2025 08:44 PM EDT | Vincelle Calica (cellyd@msn.com) viewed the document on Microsoft Edge via Android from 52.45.54.47. |
| 06/24/2025 08:44 PM EDT | Vincelle Calica (cellyd@msn.com) viewed the document on Chrome via Windows from 54.144.112.110. |
| 06/25/2025 07:50 PM EDT | Raymond Calica (rscalica@live.com) viewed the document on Firefox via Windows from 54.144.112.110. |
| 06/25/2025 07:53 PM EDT | Raymond Calica (rscalica@live.com) authenticated via email on Firefox via Windows from 52.45.54.47. |
| 06/25/2025 07:53 PM EDT | Raymond Calica (rscalica@live.com) signed the document on Firefox via Windows from 52.45.54.47. |
| 06/26/2025 12:14 PM EDT | Tamara Cowles (tamaracowles@comcast.net) viewed the document on Chrome Mobile via Android from 52.45.54.47. |
| 06/26/2025 10:49 AM EDT | Vincelle Calica (cellyd@msn.com) viewed the document on Firefox via Windows from 54.144.112.110. |
| 06/26/2025 10:49 AM EDT | Vincelle Calica (cellyd@msn.com) viewed the document on Chrome via Windows from 52.45.54.47. |
| 06/26/2025 10:50 AM EDT | Vincelle Calica (cellyd@msn.com) authenticated via email on Firefox via Windows from 54.144.112.110. |
| 06/26/2025 10:50 AM EDT | Vincelle Calica (cellyd@msn.com) signed the document on Firefox via Windows from 54.144.112.110. |
| 06/29/2025 12:13 AM EDT | Tamara Cowles (tamaracowles@comcast.net) viewed the document on Chrome Mobile via Android from 54.144.112.110. |
| 06/29/2025 12:17 AM EDT | Tamara Cowles (tamaracowles@comcast.net) authenticated via email on Chrome Mobile via Android from 52.45.54.47. |
| 06/29/2025 12:17 AM EDT | Tamara Cowles (tamaracowles@comcast.net) signed the document on Chrome Mobile via Android from 52.45.54.47. |

# EXHIBIT A

# EXHIBIT A

**Court Approved Legal Notice**

*Gregorio, et al. v. Green Diamond Resource Company,*
*Case No. 2:24-cv-00596-LK*

*This is not a solicitation from a lawyer.*

*A Federal District Court has authorized this Short Notice.*

**www.settlementwebsite.com**
**1-XXX-XXX-XXXX**

**More Information**: Complete information about your rights and options, as well as the Claim Form, the Long Form Notice, and Settlement Agreement are available at www.settlementwebsite.com or by calling toll free 1-XXX-XXX-XXXX.

---

Green Diamond Data Settlement
c/o RG/2 Claims Administration LLC
P.O. Box 59479
Philadelphia, PA  19102-9479

«ScanString»
Postal Service: Please do not mark barcode

Notice ID: «Notice ID»
Pin «Pin Code»
«FirstName» «LastName»
«Address1»
«Address2»
«City», «State» «Zip»

NOTICE ID: «NOTICE ID
PIN: <<PIN>>
NAME: «NAME
ADDRESS: «ADDRESS

**CLAIM FORM**

«barcode»

**Claims must be postmarked no later than <mark>DATE</mark>. You may also submit a Claim Form online no later than <mark>DATE</mark>.**

**Monetary Reimbursement** (You may claim more than one settlement benefit):

Check this box if you wish to receive a *Pro Rata* Cash Fund Payment. The payment may be increased or decreased *pro rata* from funds remaining in the Settlement Fund after all claims are submitted. No documentation is required to claim a *Pro Rata* Cash Fund Payment.

Check this box if you wish to submit a claim for Documented Out-Of-Pocket Expenses in the amount of $ _____ (not more than $5,000) that you incurred as a result of the Data Incident between June 26, 2023 and the Claims Deadline. You must submit documentation to support your claim. Failure to provide sufficient supporting documentation for Documented Out-of-Pocket Expenses, shall result in denial of that portion of Documented Out-of-Pocket Expenses for which such documentation is not provided.

Check this box if you wish to receive two years of three-bureau credit monitoring services.

**Payment Preference:**

Check here if you would like to receive payment for your approved claim, if any, via electronic means.   Please provide the email address for electronic payment: _____

**3. Certification:** By signing my name below, I swear and affirm that the information included on this Claim Form is true and accurate, and that I am completing this claim form to the best of my personal knowledge. I understand that this claim may be subject to audit, verification, and Court review and that the Settlement Administrator may require supplementation of this claim or additional information from me.

Signature: _____    Printed Name: _____    Date: _____

A proposed Settlement has been reached with Green Diamond Resource Company ("Green Diamond") arising out of a data security incident. Between June 26, 2023, and June 27, 2023, Class Members private information was potentially accessible by an unauthorized third-party who gained access to Green Diamond's systems (the "Incident").

**Who is Included?** Class Members include all individuals residing in the United States whose Private Information was potentially impacted in the Incident, including all those who were sent notice by Green Diamond.

**What does the Settlement Provide?** The Settlement establishes a \$695,000 Settlement Fund to be used to pay for (1) compensation for Documented Out-of-Pocket Expenses up to \$5,000; (2) *Pro Rata* Cash Payments (the amount of which is dependent on the number of Class Members that participate in the Settlement); (3) two years of three-bureau credit monitoring services; (4) costs of Notice and Settlement Administration; (5) service awards approved by the court; and (6) attorneys' fees and litigation expenses approved by the court.

**How To Get Benefits:** You must complete and file a Claim Form online or by mail postmarked by **DATE** (including the required supporting documentation if you choose a Documented Out-of-Pocket Expense payment). You can file your claim online at **www.settlementwebsite.com**. You may also submit the attached Claim Form to this notice or get a paper Claim Form on the Settlement Website, or by calling the toll-free number, and submit by mail.

**Your Other Options:** If you do not want to be legally bound by the terms of the Settlement, you must exclude yourself by **DATE**. If you do not exclude yourself, you will be bound by the terms of this Settlement Agreement and you will release any claim you may have (as defined in the Settlement Agreement) related to the Incident, as more fully described in the Settlement Agreement, available on the Settlement Website. If you do not exclude yourself, you may object to the Settlement by **DATE**, as more fully described in the Settlement Agreement, available on the Settlement Website.

**The Fairness Hearing:** The Court will hold a Final Approval Hearing on **MONTH DD, 20YY, at X:XX a.m./p.m.** PT before the Honorable Judge of the United States District Court for the Western District of Washington at Seattle, Address, to consider: whether to approve the Settlement, service awards of up to \$5,000 per Class Representative, attorneys' fees up to \$208,500, and litigation expenses up to \$50,000, as well as any objections. You or your attorney may request to appear at the hearing, but you are not required to do so. The hearing may be held remotely, so please check the settlement website for those details.

Green Diamond Data Settlement
c/o RG/2 Claims Administration LLC
P.O. Box 59479
Philadelphia, PA  19102-9479

Postage
Included?

# EXHIBIT B

# EXHIBIT B

## UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

*Gregorio, et al. v. Green Diamond Resource Company,* **Case No. 2:24-cv-00596-LK**

# If Green Diamond Resource Company ("Defendant") notified you of a data Incident, you may be eligible for benefits from a class action settlement.

*A Federal District Court has authorized this Long Notice. This is not a solicitation from a lawyer.*

- A proposed Settlement has been reached with Green Diamond Resource Company ("Green Diamond") arising out of a data security incident. Between June 26, 2023, and June 27, 2023, Class Members private information was potentially accessible by an unauthorized third-party who gained access to Green Diamond's systems (the "Incident").

- The lawsuit is called *Gregorio, et al. v. Green Diamond Resource Company,* Case No. 2:24-cv-00596-LK (the "Litigation"). The lawsuit alleges that the Incident potentially impacted Private Information of Plaintiff and Class Members.

- The Settlement Class includes all individuals residing in the United States whose Private Information was potentially impacted in the Incident, including all those who were sent notice by Green Diamond. Class Members specifically exclude: (a) all individuals who are directors or officers of Green Diamond, (b) the affiliate, legal representatives, attorneys, subsidiaries, successors, heirs, and assigns of Green Diamond, (c) the Judge assigned to the Litigation, (d) that Judge's immediate family and Court staff, and (e) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Security Incident, or who pleads *nolo contendere* to any such charge.

- Your legal rights are affected regardless of whether you act. Please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way you may receive benefits from this Settlement. The deadline to submit a Claim Form is **DATE**. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | You will receive no payment, but you will retain any rights you currently have with respect to Green Diamond and the issues in this case. The deadline to exclude yourself from the Settlement is **DATE**. |
| **OBJECT TO THE SETTLEMENT** | Write to the Settlement Administrator explaining why you do not agree with the Settlement. The deadline to object is **DATE**. |
| **ATTEND THE FINAL FAIRNESS HEARING** | You or your attorney may attend and speak about your objection at the Final Fairness Hearing. The Final Fairness Hearing will be held on **DATE**. |
| **DO NOTHING** | You will not get any benefits from the Settlement, and you will give up certain legal rights. You will remain in the Settlement Class and be subject to the Release. |

- These rights and options, and the deadlines to exercise them, are explained in this Notice. For complete details, please see the Settlement Agreement, whose terms control, available at **www.settlementwebsite.com.**

- The Court in charge of this case still has to decide whether to approve the Settlement. No Settlement benefits or payments will be provided unless the Court approves the Settlement, and it becomes final.

## BASIC INFORMATION

### 1.    What is this Notice and why should I read it?

The Court authorized this Long Notice to inform you about a proposed Settlement with Green Diamond. You have legal rights and options that you may act on before the Court decides whether to approve the proposed Settlement. This Long Notice explains the lawsuit, the Settlement, and your legal rights.

The Litigation is called *Gregorio, et al. v. Green Diamond Resource Company,* Case No. 2:24-cv-00596-LK.

### 2.    What is a class action lawsuit?

A class action is a lawsuit in which one or more plaintiffs—in this case, Plaintiffs and Class Representatives Jason Gregorio, Thomas Valentine, Leo McGowan, Vincelle Calica, Raymond Calica, and Tamara Cowles—sues on behalf of a group of people who have similar claims. Together, this group is called a "Class" and consists of "Class Members." In a class action, the court resolves the issues for all class members, except those who exclude themselves from the class.

## THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

### 3.    What is this lawsuit about?

Plaintiffs allege that they suffered injuries and damages related to the diminution of value to their Private Information, lost time and opportunity costs, annoyance, interference, and inconvenience, as a result of the Incident.

Green Diamond denies that it is liable for the claims made in the lawsuit and denies any allegations of wrongdoing, fault, or liability of any kind whatsoever. More information about the complaint in the lawsuit can be found on the Settlement Website at **www.settlementwebsite.com.**

### 4.    Why is there a Settlement?

The Court has not decided whether the Plaintiffs or Green Diamond should win this case. Instead, both sides agreed to this Settlement. That way, they can avoid the uncertainty, risks, and expense of ongoing litigation, and Settlement Class Members will be eligible to get compensation now rather than years later—if ever. The Class Representatives and attorneys for the Settlement Class Members, called Class Counsel, agree the Settlement is in the best interests of the Settlement Class Members. The Settlement is not an admission of wrongdoing by Green Diamond

## WHO'S INCLUDED IN THE SETTLEMENT?

| 5. | How do I know if I am in the Settlement Class? |
|----|-------------------------------------------------|

You are part of the Settlement as a Settlement Class Member if you are an individual residing in the United States whose Private Information was potentially impacted in the Incident, including all those who were sent notice by Green Diamond.

Settlement Class Members will have been mailed notice of their eligibility. If you are still not sure whether you are included, you can contact the Settlement Administrator by calling **XXX-XXX-XXXX**, by emailing **email@rg2claims.com**, or by visiting the Settlement Website located at **www.settlementwebsite.com.**

This Settlement Class does not include: (a) all individuals who are directors or officers of Green Diamond, (b) the affiliate, legal representatives, attorneys, subsidiaries, successors, heirs, and assigns of Green Diamond, (c) the Judge assigned to the Litigation, (d) that Judge's immediate family and Court staff, and (e) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Security Incident, or who pleads *nolo contendere* to any such charge.

## THE SETTLEMENT BENEFITS

| 6. | What does the Settlement provide? |
|----|------------------------------------|

The Settlement establishes a $695,000.00 Settlement Fund. The Settlement Fund will be used to pay for: (1) compensation for Documented Out-of-Pocket Expenses; (2) *Pro Rata* Cash Payments; (3) Credit Monitoring services; (4) costs of Notice and Settlement Administration; (5) service awards; and (6) attorneys' fees and litigation expenses.

**Credit Monitoring:** All Settlement Class Members who submit a Valid Claim using the Claim Form, are eligible for two (2) years of three-bureau credit monitoring. Settlement Class Members will need to enroll to receive this benefit.

**Documented Out-Of-Pocket Expenses.** All Settlement Class Members may submit a claim for up to five thousand dollars and zero cents ($5,000.00) for documented out-of-pocket losses that are fairly traceable to the Incident, to be paid out of the Settlement Fund. Examples of kinds of documented out-of-pocket losses that may be claimed include: (i) unreimbursed losses relating to fraud or identity theft; (ii) text message charges (only if charged by the message); (iii) long distance or cell phone charges (only if charged by the minute); (iv) data charges (only if charged based on the amount of data used); (v) postage; (vi) gasoline and mileage for travel; and/or (vii) unreimbursed costs of credit monitoring or other identity theft monitoring purchased by Settlement Class Members between June 26, 2023 and the Claims Deadline.

Settlement Class Members must also have made reasonable efforts to avoid, or seek reimbursement for, such losses, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance. Settlement Class Members with losses must submit documentation supporting their claims. This can include receipts or other documentation not "self-prepared" by the claimant that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement for losses, but can be considered to add clarity or support other submitted documentation and a description of how the time was spent.

*Pro Rata* **Cash Fund Payments.**   All Settlement Class Members are eligible to make a claim for a cash fund payment, regardless of whether they make a claim for Documented Out-of-Pocket Expenses, to be paid out of the Settlement Fund. The *pro rata* cash fund payments will evenly distribute the net amount of the Settlement Fund after payment of all approved claims for Out-of-Pocket Expenses, Costs of Notice and Settlement Administration, the cost of Credit Monitoring, and any attorneys' fee and expense award and service awards, with such net amount to be distributed to each Settlement Class Member who submits a Valid Claim. For complete details, please see the Settlement Agreement, whose terms control, available at **www.settlementwebsite.com.**

## HOW TO GET BENEFITS

### 7.    How do I make a Claim?

To qualify for a Settlement benefit, you must complete and submit a Claim Form.

Settlement Class Members who want to submit a claim must fill out and submit a Claim Form online at **www.settlementwebsite.com** or by mail to the Settlement Administrator. Claim Forms are available through the Settlement Website, **www.settlementwebsite.com,** or by calling **1-XXX-XXX-XXXX.**

**All Claim Forms must be submitted no later than DATE.**

### 8.    When will I get my payment?

The hearing to consider the fairness of the Settlement is scheduled **MONTH DD, 20YY, at X:XX a.m./p.m.**. If the Court approves the Settlement, eligible Settlement Class Members with Valid Claims will be sent payment after all appeals, disputes and other reviews, if any, are completed.  Please be patient.

## THE LAWYERS REPRESENTING YOU

### 9.    Do I have a lawyer in this case?

Yes, the Court has appointed William B. Federman of Federman & Sherwood, Tyler J. Bean of Siri & Glimstad LLP, and Joan M. Pradhan of Tousley Brain Stephens PLLC. as "Settlement Class Counsel" and/or "Class Counsel" to represent you and all Settlement Class Members. You will not be charged for these lawyers. You can ask your own lawyer to appear in Court for you at your own expense if you want someone other than Class Counsel to represent you.

### 10.    How will the lawyers be paid?

Class Counsel will ask the Court for an award of attorneys' fees not to exceed $208,500.00 which were incurred in connection with the Litigation, plus reimbursement of costs not to exceed $50,000.00. Such sums as may be approved by the Court will be paid from the Settlement Fund.

Class Counsel will also request a service award of $5,000.00 per Plaintiff, for a total of $30,000.00, to be paid from the Settlement Fund.

The Court will determine the proper amount of any attorneys' fees, costs, and expenses to award Class Counsel and the proper amount of any service awards to Plaintiffs.

Class Counsel will file their request for attorneys' fees, costs, and expenses and service awards for Plaintiffs with the Court, which will also be posted on the Settlement Website, at **www.settlementwebsite.com.**

YOUR RIGHTS AND OPTIONS

**11.     What claims do I give up by participating in this Settlement?**

If you do not exclude yourself from the Settlement, you will not be able to sue Green Diamond about the Incident, and you will be bound by all decisions made by the Court in this case, the Settlement, and its included Release. This is true regardless of whether you submit a Claim Form. However, you may exclude yourself from the Settlement (*see* Question 14). If you exclude yourself from the Settlement, you will not be bound by any of the Released Claims, which are described in the Settlement Agreement at www.settlementwebsite.com.

**12.     What happens if I do nothing at all?**

If you do nothing, you will receive no benefits under the Settlement. You will be in the Settlement Class, and if the Court approves the Settlement, you will also be bound by all orders and judgments of the Court, the Settlement, and its included Release. You will be deemed to have participated in the Settlement and will be subject to the provisions of Section 11 above. Unless you exclude yourself, you won't be able to file a lawsuit or be part of any other lawsuit against Green Diamond for the claims or legal issues released in this Settlement.

**13.     What happens if I ask to be excluded?**

If you exclude yourself from the Settlement, you will receive no benefits under the Settlement.  However, you will not be in the Settlement Class and will not be legally bound by the Court's judgments related to the Settlement Class and Green Diamond in this class action lawsuit.

**14.     How do I ask to be excluded?**

You can ask to be excluded from the Settlement. To do so, you must send a written notification to the Settlement Administrator stating that you want to be excluded from the Settlement in *Gregorio, et al. v. Green Diamond Resource Company,* Case No. 2:24-cv-00596-LK. Your written notification must include: (i) your full name and address; (ii) your signature and/or the signature of the Class Members' duly authorized attorney or other duly authorized representative; and (iii) clearly state that your intent to be excluded from the Settlement Class.  You must mail your exclusion request, postmarked no later than DATE to the following address:

Green Diamond Data Settlement
c/o RG/2 Claims Administration
P.O. Box 59479
Philadelphia, PA 19102-9479
Email@rg2claims.com

You cannot exclude yourself by phone. Any individual who wants to be excluded from the Settlement must submit his or her own exclusion request. No mass or group opt-outs shall be permitted.

**15.     If I don't exclude myself, can I sue Defendant for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue Green Diamond for the claims or legal issues released in this Settlement, even if you do nothing.

**16.     If I exclude myself, can I get anything from this Settlement?**

No. If you exclude yourself, you cannot submit a Claim Form to ask for any benefits.

## 17.    How do I object to the Settlement?

If you do not exclude yourself from the Settlement Class, you can object to the Settlement if you do not agree with any part of it. You can give reasons why you think the Court should deny approval by filing an objection. To object, you must mail a written objection to the Settlement Administrator stating that you object to the Settlement in *Gregorio, et al. v. Green Diamond Resource Company,* Case No. 2:24-cv-00596-LK.

The objection must be in writing and be personally signed by you or your attorney. The objection must include: (i) the Settlement Class Member's full name, current mailing address, telephone number, and e-mail address; (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of notice, copy of original notice of the Incident); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of any and all counsel representing the objector in connection with the objection; (v) a statement as to whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; (vi) the objector's signature and/or the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); and (vii) a list, by case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the last three (3) years.  To be timely, written notice of an objection in the appropriate form must be mailed to the designated email address or Post Office box established by the Settlement Administrator and contain the case name and docket number *Gregorio, et al. v. Green Diamond Resource Company*, Case No. 2:24-cv-00596-LK (W.D. Wash.) by the Objection Deadline.

You must mail your objection to the Settlement Administrator at RG/2 Claims Administration, P.O. Box 59479, Philadelphia, PA 19102-9479, postmarked no later than ==DATE.==

## 18.    What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you do not like something about the Settlement.  You can object only if you stay in the Settlement Class. Excluding yourself from the Settlement Class is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S FINAL FAIRNESS HEARING

## 19.    When and where will the Court hold a hearing on the fairness of the Settlement?

The Court will hold the Final Fairness Hearing ==MONTH DD, 20YY, at X:XX a.m./p.m.==, at the ==Location==. The purpose of the hearing is for the Court to determine whether the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed Settlement, including those related to the amount requested by Class Counsel for attorneys' fees, costs, and expenses and the service awards to Plaintiffs.

The location, date and time of the Final Fairness Hearing are subject to change by Court order.  Any changes will be posted at the Settlement Website, ==www.settlementwebsite.com==, or through the Court's publicly available docket. You should check the Settlement Website to confirm the date and time have not been changed.

## 20.    Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But you are welcome to attend the hearing at your own expense. If you send an objection, you don't have to come to Court to talk about it. If your written objection was filed or mailed on time and meets the other criteria described in the Settlement, the Court will consider it. However, you may appear on your behalf or pay a lawyer to attend on your behalf to assert your objection.

## 21.    May I speak at the hearing?

Yes. If you do not exclude yourself from the Settlement Class, you (or your attorney) may appear and speak at the Final Fairness Hearing concerning any part of the proposed Settlement.

### GETTING MORE INFORMATION

## 22.    Where can I get additional information?

This Long Notice summarizes the proposed Settlement. More details are in the Settlement Agreement, which is available at **www.settlementwebsite.com** or by writing to Settlement Administrator, RG/2 Claims Administration, P.O. Box 59479, Philadelphia, PA 19102-9479**.**

## 23.    How do I get more information?

Visit **www.settlementwebsite.com**, call **1-XXX-XXX-XXXX**, or email **email@rg2claims.com.**

**PLEASE DO NOT CALL THE COURT, THE CLERK OF THE COURT, THE JUDGE, OR THE DEFENDANT WITH QUESTIONS ABOUT THE SETTLEMENT OR CLAIMS PROCESS**

# EXHIBIT C

# EXHIBIT C

## CLAIM FORM

***Gregorio, et al. v. Green Diamond Resource Company***
**Case No. 2:24-cv-00596-LK**

**United States District Court for Western District of Washington at Seattle**

**Claims must be postmarked no later than DATE. You may also submit a Claim Form online no later than DATE.**

This Claim Form should be filled out online or submitted by mail if you are an individual residing in the United States whose Private Information was potentially impacted in the Incident, including all those who were sent notice that your personal information was potentially accessible by an unauthorized third-party who gained access to Green Diamond's systems (the "Incident") between June 26, 2023, and June 27, 2023.

The Settlement notice describes your legal rights and options. Please visit the official Settlement Website, **www.settlementwebsite.com**, or call **1-XXX-XXX-XXXX** for more information.

All Settlement Class Members who submit a Valid Claim using the Claim Form, including necessary supporting documentation, are eligible for two (2) years of three-bureau credit monitoring. Settlement Class Members will need to enroll to receive this benefit.

The Settlement establishes a $695,000 fund to compensate Settlement Class Members for their Out-of-Pocket Expenses and/or claims for *Pro Rata* Cash Fund Payments, as well as for the costs of notice and administration, certain taxes, service award payment(s), and attorney fee awards and costs as awarded by the Court.

You can submit a claim for Documented Out-of-Pocket Expenses as a result of the Incident, and/or a claim for *Pro Rata* Cash Fund Payment. You may get a check or electronic payment if you fill out this Claim Form, if the Settlement is approved, and if you are found to be eligible for a payment.

If you wish to submit a claim for a Settlement payment, you need to provide the information requested below. Please print clearly in blue or black ink. The deadline to submit this Claim Form online (or have it postmarked for mailing) is **DATE.**


1. **SETTLEMENT CLASS MEMBER INFORMATION (ALL INFORMATION IS REQUIRED):**

Name: _____

Address: _____

_____

Telephone: _____     Email: _____


2. **CLASS MEMBERSHIP.**

Please check this box if you received a notice related to this class action Settlement, and you have your unique Notice ID.

**Notice ID** (Included on the mailed Notice, if known): _____

Please check this box if you have not received a notice but believe that you should be included in the Settlement Class. You must provide documentation demonstrating that you were impacted by the data Incident and that you are a Settlement Class Member.

### 3. MONETARY REIMBURSEMENT (YOU MAY CLAIM ONE OR BOTH SETTLEMENT BENEFITS):

Check the box for each category of benefits you would like to claim. **You may submit a claim for one or more of these benefits. Specifically, you may receive both a Documented Out-of-Pocket Expense payment and a *Pro Rata* Cash Fund Payment.**

Please be sure to fill in the total amount you are claiming for each category and to attach documentation of the charges as described below.

#### a. Documented Out-of-Pocket Expenses resulting from the Incident:

**Check this box if you wish to submit a claim for Documented Out-of-Pocket Expenses.** All Settlement Class Members may submit a claim for up to five thousand dollars and zero cents ($5,000.00) for documented out-of-pocket losses that are fairly traceable to the Incident, to be paid out of the Settlement Fund.

**Total amount for this category $ _____** (not more than $5,000)

Examples of kinds of documented out-of-pocket losses that may be claimed include: (i) unreimbursed losses relating to fraud or identity theft; (ii) text message charges (only if charged by the message); (iii) long distance or cell phone charges (only if charged by the minute); (iv) data charges (only if charged based on the amount of data used); (v) postage; (vi) gasoline and mileage for travel; and/or (vii) unreimbursed costs of credit monitoring or other identity theft monitoring purchased by Settlement Class Members between June 26, 2023 and the Claims Deadline.

*Settlement Class Members must also have made reasonable efforts to avoid, or seek reimbursement for, such losses, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance. Settlement Class Members with losses must submit documentation supporting their claims. This can include receipts or other documentation not "self-prepared" by the claimant that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement for losses, but can be considered to add clarity or support other submitted documentation and a description of how the time was spent.*

Supporting documentation must be provided. Failure to provide sufficient supporting documentation for Documented Out-of-Pocket Expenses, referenced above, as requested on the Claim Form, shall result in denial of that portion of Documented Out-of-Pocket Expenses for which such documentation is not provided.

#### b. *Pro Rata* Cash Fund Payment:

**Check this box if you wish to receive a *Pro Rata* Cash Fund Payment.**

The payment may be increased or decreased *pro rata* from funds remaining in the Settlement Fund after all claims are submitted. No documentation is required to claim a *Pro Rata* Cash Fund Payment.

#### c. Credit Monitoring Services:

**Check this box if you wish to receive two years of three bureau credit monitoring services.**

2

**4. PAYMENT PREFERENCE:**

 Check here if you would like to receive payment for your approved claim, if any, via electronic means.

Please provide the email address for an electronic payment notification: _____

**5. CERTIFICATION:**

By signing my name below, I swear and affirm that the information included on this Claim Form is true and accurate, and that I am completing this claim form to the best of my personal knowledge. I understand that this claim may be subject to audit, verification, and Court review and that the Settlement Administrator may require supplementation of this claim or additional information from me.

_____    _____    ____/____/_____
**Signature**                              **Print Name**                                                    **Date**

**6. MAIL YOUR CLAIM FORM, OR SUBMIT YOUR CLAIM FORM ONLINE.**

This claim form must be postmarked by **DATE** and mailed to: **RG/2 Claims Administration, P.O. Box 59479, Philadelphia, PA 19102-9479**; OR emailed by midnight on **DATE** to **email address**; OR submitted through the Settlement Website by midnight on **DATE** at: **www.settlementwebsite.com**.

# EXHIBIT D

# EXHIBIT D

The Honorable Lauren King

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| **JASON GREGORIO, THOMAS VALENTINE, LEO MCGOWAN, VINCELLE CALICA, RAYMOND CALICA**, and **TAMARA COWLES**, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**GREEN DIAMOND RESOURCE COMPANY**,<br><br>Defendant. | CASE NO. 2:24-cv-00596-LK<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>NOTE ON MOTION CALENDAR:<br><br>September 22, 2025 |

This matter is before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (the "Motion"). Plaintiffs Jason Gregorio, Thomas Valentine, Leo McGowan, Vincelle Calica, Raymond Calica, and Tamara Cowles ("Plaintiffs"), individually and on behalf of the proposed Settlement Class, and Defendant Green Diamond Resource Company ("Green Diamond" or "Defendant" and collectively with Plaintiffs the "Settling Parties") have entered into a Settlement Agreement dated September 11, 2025, that, if approved, would settle the above-captioned Litigation. Having considered the Motion, the Settlement Agreement together with all

exhibits and attachments thereto, the record in this matter, and the briefs and arguments of counsel, IT IS HEREBY ORDERED as follows:

1.     Unless otherwise defined herein, all terms that are capitalized herein shall have the same meanings ascribed to those terms in the Settlement Agreement.

2.     The Court has jurisdiction over this Litigation, Class Representatives, Defendant, Settlement Class Members, and any party to any agreement that is part of or related to the Settlement Agreement.

## PRELIMINARY APPROVAL

3.     The Court has reviewed the terms of the proposed Settlement Agreement, the exhibits and attachments thereto, Plaintiffs' Motion, briefs and papers, and the declarations of Class Counsel and the Settlement Administrator. Based on its review of these papers, the Court finds that the Settlement Agreement appears to be the result of serious, informed, non-collusive negotiations. The terms of the Settlement Agreement fall within the range of possible approval as fair, reasonable, and adequate.

4.     The Court therefore GRANTS preliminary approval of the Settlement Agreement and all the terms and conditions contained therein.

## PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS

5.     The Settlement Class consists of approximately 27,896 individuals.  Pursuant to Fed. R. Civ. Pro. Rule 23, the Court preliminarily certifies, for settlement purposes only, the Settlement Class defined in the Settlement Agreement as follows:

> All individuals residing in the United States whose Private Information was potentially impacted in the Incident, including all those who were sent notice by Green Diamond. Class Members specifically exclude: (a) all individuals who are directors or officers of Green Diamond, (b) the affiliate, legal representatives, attorneys, subsidiaries, successors, heirs, and assigns of Green Diamond, (c) the Judge assigned to the Litigation, (d) that Judge's immediate family and Court staff, and (e) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Security Incident, or who pleads *nolo contendere* to any such charge.

6.     The Court preliminarily finds that the Settlement Class satisfies the requirements of Fed. R. Civ. Pro. Rule 23 for settlement purposes: (1) the Settlement Class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the

Settlement Class; (3) the Settlement Class Representatives' claims are typical of those of Settlement Class Members; and (4) the Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Class.

7.      The Court preliminarily finds that the Settlement Class satisfies the requirements of Rule 23 for settlement purposes: (1) the questions of law or fact common to the Settlement Class predominate over individual questions; and (2) class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy.

8.      The Court hereby appoints Jason Gregorio, Thomas Valentine, Leo McGowan, Vincelle Calica, Raymond Calica, and Tamara Cowles, as the Class Representatives.

9.      The Court hereby appoints as Settlement Class Counsel William B. Federman of Federman & Sherwood, Tyler J. Bean of Siri & Glimstad LLP, and Joan M. Pradhan of Tousley Brain Stephens PLLC.

## NOTICE AND ADMINISTRATION

10.     Pursuant to the Settlement Agreement, the Settling Parties have designated RG/2 as the Settlement Administrator. The Settlement Administrator shall perform all the duties of the Settlement Administrator set forth in the Settlement Agreement.

11.     The Court finds that the notice program set forth in the Settlement Agreement satisfies the requirements of due process and Fed. R. Civ. Pro. Rule 23 and provides the best notice practicable under the circumstances. The notice program, including the Short Notice and Long Notice, are reasonably calculated to apprise Class Members of the nature of this Litigation, the scope of the Settlement Class, the terms of the Settlement Agreement, the right of Class Members to object to the Settlement Agreement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Fairness Hearing. The Court therefore approves the notice program and directs the Settling Parties and the Settlement Administrator to proceed with providing notice to Class Members pursuant to the terms of the Settlement Agreement and this order.

12.     The Settlement Administrator shall commence the notice program within the time required by the Settlement Agreement.

13.     The Court also approves the Claim Form.

## EXCLUSIONS AND OBJECTIONS

14.    Class Members who wish to opt out of and exclude themselves from the Settlement Class may do so by submitting a written request to the Settlement Administrator, postmarked no later than the Opt-Out Deadline, which is [Date] _____, 2025 (i.e., 60 days after the Notice Deadline). To be valid, the written notice must: (i) state the Class Member's name and address; (ii) contain the Class Member's signature and/or the signature of his or her duly authorized attorney or other duly authorized representative; and (iii) clearly manifest the Class Member's intent to be excluded from the Settlement Class. To be effective, written notice must be postmarked (or dated for emails) by the Opt-Out Deadline. All requests for exclusion must be submitted individually in connection with a Class Member, i.e., one request is required for every Class Member seeking exclusion.

15.    All Settlement Class Members who do not opt out and exclude themselves shall be bound by the terms of the Settlement Agreement upon entry of the final approval order and Judgment.

16.    Settlement Class Members who wish to object in writing to the Settlement must submit a written objection to the Court in accordance with the procedures set forth in the notice. Objections must be filed or postmarked no later than the Objection Deadline, [Date _____] (60 days after the Notice Deadline), and the relevant Settlement Class Member must not have excluded herself from the Settlement Class. Such notice shall state: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class ( e.g., copy of notice, copy of original notice of the Incident); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of any and all counsel representing the objector in connection with the objection; (v) a statement as to whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; (vi) the objector's signature and/or the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); and (vii) a list, by case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the last three (3) years..

17.    To be timely, written notice of an objection in the appropriate form must be mailed to the designated email address or Post Office box established by the Settlement Administrator and contain the case name and docket number, *Gregorio, et al. v. Green Diamond Resource Company*, Case No. 2:24-cv-00596-LK (W.D. Wash.), by the Objection Deadline.

## FINAL FAIRNESS HEARING

18.    The Court will hold a Final Fairness Hearing on Date _____, 2025, at [TIME].

19.    At the Final Fairness Hearing, the Court will consider whether: (a) the Settlement is fair, reasonable, and adequate; (b) the Settlement Class should be finally certified for settlement purposes; (c) a final Judgment should be entered; (d) Class Counsel's motion for attorneys' fees and costs should be granted; and (e) the service award sought for Plaintiffs should be granted.

20.    The Court reserves the right to continue the date of the Final Fairness Hearing without further notice to Settlement Class Members.

## DEADLINES, INJUNCTION & TERMINATION

| Event | Date |
|---|---|
| Settlement Administrator to serve CAFA Notice upon the appropriate State and Federal officials. | Within 10 days following the filing of Plaintiffs' Motion for Preliminary Approval |
| Defendant to provide the Settlement Administrator with the Class Member List | Within 14 days after entry of this Order |
| Notice Program per Settlement Agreement commences | Within 30 days after entry of this Order |
| Class Counsel's Motion for Attorneys' Fees and Costs and Service Award | No later than 14 court days before the Opt-Out and Objection Deadlines |
| Opt-Out and Objection Deadlines | 60 days after the Notice is first distributed |
| Motion for Final Approval | No later than 14 court days before the original date set for the Final Approval Hearing |

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

| Final Approval Hearing | At the Court's convenience _____ __, 2025 (120 days after entry of this Order, or shortly thereafter) |
| --- | --- |

21.     All proceedings and deadlines in this matter, except those necessary to implement this order and the Settlement, are hereby stayed and suspended until further order of the Court.

22.     All Settlement Class Members who do not validly opt out and exclude themselves are hereby enjoined from pursuing or prosecuting any of the Released Claims as set forth in the Settlement Agreement until further order of the Court.

23.     In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement: (a) the Settlement Agreement and this Order shall become void, shall have no further force or effect, and shall not be used in the Litigation or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this matter will revert to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the Settling Parties' settlement discussions, negotiations or documentation (including any briefs filed in support of preliminary or final approval of the settlement) shall (i) be admissible into evidence for any purpose in this Litigation or in any other action or proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination, (ii) be deemed an admission or concession by any Settling Party regarding the validity of any of the Released Claims or the propriety of certifying any class against Defendant, or (iii) be deemed an admission or concession by any Settling Party regarding the truth or falsity of any facts alleged in the Litigation or the availability or lack of availability of any defense to the Released Claims.

   **IT IS SO ORDERED**.

Dated: _____      _____
                                 HON. LAUREN KING
                                 UNITED STATES DISTRICT JUDGE
                                 WESTERN DISTRICT OF WASHINGTON

EXHIBIT E

EXHIBIT E



The Honorable Lauren King

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| **JASON GREGORIO, THOMAS VALENTINE, LEO MCGOWAN, VINCELLE CALICA, RAYMOND CALICA,** and **TAMARA COWLES**, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>**GREEN DIAMOND RESOURCE COMPANY**,<br><br>    Defendant. | CASE NO. 2:24-cv-00596-LK<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>NOTE ON MOTION CALENDAR: _____, 2025 |

1    WHEREAS, the Court, having considered the Settlement Agreement filed [INSERT] (the

2   "Settlement") between and among Plaintiffs Jason Gregorio, Thomas Valentine, Leo McGowan,

3   Vincelle Calica, Raymond Calica, and Tamara Cowles ("Plaintiffs") and Defendant Green

4   Diamond Resource Company ("Green Diamond" or "Defendant") (collectively, the "Settling

5   Parties"), the Court's order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of

6   Class Action Settlement ("Preliminary Approval Order"), having held a Final Fairness Hearing on

7   [Date], having considered all of the submissions and arguments with respect to the Settlement, and

8   otherwise being fully informed, and good cause appearing therefor;

9   **IT IS HEREBY ORDERED:**

10    1.    Plaintiffs' Motion for Final Approval of Class Action Settlement, Plaintiffs'

11  Motion for Attorneys' Fees and Expenses, and Plaintiffs' Service Awards are **GRANTED**.

12    2.    This order incorporates herein and makes a part hereof the Settlement Agreement

13  (including its exhibits) and the Preliminary Approval Order. Unless otherwise provided herein, the

14  terms defined in the Settlement Agreement and Preliminary Approval Order shall have the same

15  meanings for purposes of this order.

16    3.    The Court has subject matter jurisdiction over this matter, including, without

17  limitation, jurisdiction to approve the Settlement, confirm certification of the Settlement Class for

18  settlement purposes only, to settle and release all claims released in the Settlement, and to dismiss

19  the Litigation with prejudice.

20  **I.    CERTIFICATION OF THE SETTLEMENT CLASS**

21    4.    Based on its review of the record, including the Settlement, all submissions in

22  support of the Settlement, and all prior proceedings in the Litigation, the Court finally certifies the

23  following Settlement Class for settlement purposes only:

24        All individuals residing in the United States whose Private
          Information was potentially impacted in the Incident, including all
25        those who were sent notice by Green Diamond.

26    5.    Excluded from the Settlement Class are: (a) all individuals who are directors or

27  officers of Green Diamond, (b) the affiliate, legal representatives, attorneys, subsidiaries,

28  successors, heirs, and assigns of Green Diamond, (c) the Judge assigned to the Litigation, (d) that

[PROPOSED] FINAL APPROVAL ORDER

Judge's immediate family and Court staff, and (e) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Incident, or who pleads *nolo contendere* to any such charge.

6.     For settlement purposes only, with respect to the Settlement Class, the Court confirms that the prerequisites for a class action pursuant to Federal Rule of Civil Procedure Rule 23 have been met, in that: (a) the Settlement Class is so numerous that joinder of all individual Class Members in a single proceeding is impracticable; (b) questions of law and fact common to all Class Members predominate over any potential individual questions; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class; (d) Class Representatives and proposed Class Counsel will fairly and adequately represent the interests of the Settlement Class; and (e) a class action is the superior method to fairly and efficiently adjudicate this controversy.

## II.     NOTICE TO THE SETTLEMENT CLASS

7.     The Court finds that notice has been given to the Settlement Class in the manner directed by the Court in the Preliminary Approval Order. The Court finds that such notice: (i) was reasonable and constituted the best practicable notice under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Litigation, the terms of the Settlement including its release of Released Claims, their right to exclude themselves from the Settlement Class or object to all or any part of the Settlement, their right to appear at the Final Fairness Hearing (either on their own or through counsel hired at their own expense), and the binding effect of final approval of the Settlement on all persons who do not exclude themselves from the Settlement Class; (iii) constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) fully satisfied the requirements of Federal Rule of Civil Procedure Rule 23, the United States Constitution (including the Due Process Clause), and any other applicable law.

## III.     FINAL APPROVAL OF THE SETTLEMENT

8.     The Court finds that the Settlement resulted from arm's-length negotiations between Class Counsel and Defendant.

[PROPOSED] FINAL APPROVAL ORDER

9. The Court hereby finally approves in all respects the Settlement as fair, reasonable, and adequate, and in the best interest of the Settlement Class.

10. The Court finds that Class Representatives and Class Counsel fairly and adequately represented the interests of Class Members in connection with the Settlement.

11. The Parties shall consummate the Settlement in accordance with the terms thereof. The Settlement, and each and every term and provision thereof, including its release, shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force and effect of an order of this Court

## IV. RELEASE

12. Upon the Effective Date, each Settlement Class Member, including Plaintiffs, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims.

13. Upon the Effective Date, Defendant shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, all Settlement Class Members, and Class Counsel of all claims, including, based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims.

14. For purposes of this order and Judgment, "Released Claims" collectively means any and all actual, potential, filed or unfiled, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected claims, demands, liabilities, rights, causes of action, damages, punitive, exemplary, or multiplied damages, expenses, costs, indemnities, attorneys' fees, and/or obligations, whether in law or in equity, accrued or unaccrued, direct, individual, or representative, of every nature and description whatsoever, based on any federal, state, local, statutory, or common law, or any other law, against the Released Parties, or any of them, arising out of or relating to actual or alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions, or failures to act arising from the Incident.

15. Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the Settlement contained in the Settlement

[PROPOSED] FINAL APPROVAL ORDER

Agreement, and shall not include the claims of Class Members who have timely excluded themselves from the Settlement Class.

16.     Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including the Class Representatives, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public, or in any other capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the Settlement as provided herein) in which any of the Released Claims is asserted.

## V.     ATTORNEYS' FEES, COSTS, AND EXPENSES AND PLAINTIFFS' SERVICE AWARDS

17.     The Court awards Class Counsel attorneys' fees of $[INSERT], reimbursement of costs and expenses in the amount of $_____, totaling $_____, and payment of Service Awards in the amount of $2,500 to each of the Plaintiffs. The Court directs the Settlement Administrator to pay such amounts in accordance with the terms of the Settlement Agreement. Class Counsel, in their sole discretion, shall allocate and distribute the amount of the Fee Award and Costs awarded by the Court among Plaintiffs' counsel.

## VI.     OTHER PROVISIONS

18.     Without affecting the finality of this order in any way, the Court retains continuing jurisdiction over the Parties and the Settlement Class for the administration, consummation, and enforcement of the terms of the Settlement Agreement.

19.     In the event the Effective Date does not occur, this order shall be rendered null and void and shall be vacated and, in such event, as provided in the Settlement, this order and all orders entered in connection herewith shall be vacated and null and void, the Parties shall be restored to their respective positions in the Litigation, all of the Parties' respective pre-Settlement claims and defenses will be preserved, and the terms and provisions of the Settlement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement shall be treated as vacated, *nunc pro tunc*.

[PROPOSED] FINAL APPROVAL ORDER

**IT IS SO ORDERED.**

DATED:

_____

HON. LAUREN KING
UNITED STATES DISTRICT JUDGE
WESTERN DISTRICT OF WASHINGTON